No. 36,782

SIDNEY G. LONG, Potentate, Arab Temple, A. A. O. N. M. S. of Topeka, *Plaintiff*, v. LAKIN MEADE, J. GLENN DAVIS and EDWIN S. NELLIS, Board of Real Estate Trustees, Arab Temple, A. A. O. N. M. S. of Topeka, *Defendants*.

(174 P. 2d 114)

Opinion filed November 9, 1946.

Leon W. Lundblade, of Topeka, argued the cause for the plaintiff.

Al F. Williams, of Topeka, argued the cause for the defendants.

L. H. Euler, of Topeka, pro se.

The opinion of the court was delivered by

SMITH, J.: This is an original proceeding in mandamus. While it is framed in mandamus plaintiff and defendants and an intervening petitioner seek a declaratory judgment interpreting G. S. 1945 Supp., 17-1703, and G. S. 1945, 17-1704, as applied to the situation presented by the pleadings.

There is no dispute about the facts. Briefly, they are as follows:

The plaintiff is the Potentate of Arab Temple of the Ancient Arabic Order of the Nobles of the Mystic Shrine. This is a fraternal order. Arab Temple is located in Topeka and has some 1,350 members. Arab Temple holds a charter from the parent body, The Imperial Council of the Ancient Arabic Order of the Nobles of the Mystic Shrine for North America. This body is incorporated under the laws of Iowa as a fraternal organization. There is no

intermediate lodge or group between the Imperial Council and Arab Temple. Arab Temple is not incorporated.

The defendants are members of the board of real-estate trustees for Arab Temple. These members were duly elected to this board by the members of Arab Temple, pursuant to its bylaws.

Prior to September 4, 1946, Arab Temple owned in fee simple two lots with the buildings thereon on Kansas avenue, in Topeka. The temple intended to use these lots and the buildings thereon for the purpose of providing suitable accommodations for the holding of its meetings and the transaction of its business. The record title to this property was in "Arab Temple, Ancient and Arabic Order, Nobles of the Mystic Shrine, an unincorporated association of Topeka, Kansas." On September 4, pursuant to an offer from Capper Publications, Incorporated, the members of Arab Temple agreed to sell and convey the two lots to Capper Publications for $80,000. The members of Arab Temple instructed its board of trustees to execute and deliver a deed to the two lots to Capper Publications. The abstract of title has been approved and the purchase price paid. At this point the question was raised by the purchaser as to the authority of the board of trustees of Arab Temple to convey title to the real estate for Arab Temple.

Plaintiff, the Potentate of Arab Temple, contends that the board does have that authority and that it is the clear, legal duty of its members to make such conveyance when directed to do so by the members of the temple. The members of the board state they are doubtful whether they have such authority and being in doubt refuse to execute and deliver the conveyance.

The answer turns upon the provisions of G. S. 1945 Supp., 17-1703, and G. S. 1935, 17-1704, and the application of these provisions to the facts of this case.

The sections provide as follows:

"Any subordinate lodge, council or camp or other subordinate organization of any fraternal, benevolent, patriotic or beneficial order or association now established or organized or which may be established or organized hereafter in the state of Kansas, and which is under the control of a supreme, grand or other superior organization, may purchase, own, manage, control, improve, mortgage and dispose of such real estate, including such suitable building or buildings as may be necessary to provide suitable accommodations for the holding of its meetings and transacting of its business, and may purchase, own, manage, control and dispose of stock in a corporation which has for its purpose the building, erection, control, management or ownership of such suit-

able building or buildings as may be necessary to provide suitable accommodations for the holding of meetings and transacting of business of any organization or organizations as are provided for herein: *Provided,* That any such building or buildings as are provided for herein may be used in part for other purposes." (G. S. 1945 Supp., 17-1703.)

"The title to any property the ownership of which is provided for in this act shall be vested in the lodge or other subordinate organization, and transfers of the same may be made by the trustees or managers of such organization." (G. S. 1935, 17-1704.)

These are sections of chapter 164 of the Laws of 1899, as amended from time to time.

It will be remembered that Arab Temple holds its charter from and is under the supervision of The Imperial Council of the Ancient Order of the Nobles of the Mystic Shrine, an Iowa corporation. There is no state organization for the shrine, such as the Grand Lodge for Masonic Bodies.

On this account the board of trustees examine G. S. 1945 Supp., 17-1703, and argue that it does not apply to this case because the correct meaning to give it is that not only the subordinate lodge must be organized in Kansas but it must be under the control of a supreme grand or other superior organization organized in Kansas. On the other hand, plaintiff, the Potentate of Arab Temple, argues the correct meaning is that only the subordinate lodge must be organized in Kansas and that it is a sufficient compliance with the statute if the subordinate lodge is under the control of a supreme, grand or other superior organization, wherever that body may have been organized.

The argument of the trustees is that the statute should be interpreted as though the words "organized in the state of Kansas" had been included by the legislature between the word "organization" and the word "may."

We see no reason why the statute should be given this interpretation. The legislature did include these words when referring to the subordinate lodge. Had it been its intention to provide such a qualification for the supreme lodge it would have been a simple matter for it to have used the same clause. As the section was written it was no doubt thought the right to hold real estate as provided should be limited to lodges and camps of some substance and with a certain degree of permanance, not extended to organizations which might be here today and gone tomorrow. This end was accomplished by providing that the statute should apply only to those

subordinate lodges which were under the control of a grand lodge. It was attained as well by writing the statute so that it applied to any grand lodge no matter where organized as well as by providing that it must be organized in Kansas.

At the time the statute was enacted there were and at all times since there have been many subordinate lodges in the state organized in Kansas but under the control of a grand lodge not organized in Kansas. Then there were and at all times since have been many subordinate lodges organized in Kansas and under the control of a superior organization in Kansas. No reason appears why there should be one rule as to taking title to real property for the former and a different one for the latter.

In considering statutes words will be given their ordinary meaning in the English language. Where statutes are ambiguous or obscure in their meaning the courts will go a long way in construing them so that the legislature may not be thwarted in its clear intent.

A construction such as that for which the board contends, however, where a clause would have to be supplied by interpretation should not be given unless it clearly appears that such was the intention of the legislature. Here it appears the intention was to enact a statute such as is contended for by the plaintiff.

We hold that under the provisions of G. S. 1945 Supp., 17-1703, Arab Temple, Ancient and Arabic Order of the Nobles of the Mystic Shrine, an unincorporated association of Topeka, Kansas, is entitled to "purchase, own, manage, control, improve, mortgage and dispose of" the real estate in question.

Having reached the above conclusion, it follows that pursuant to the provisions of G. S. 1935, 17-1704, the board of trustees, defendants here, had the authority, and it was the duty of the members thereof under the circumstances stated in this opinion to execute and deliver to the Capper Publications a conveyance of the two lots in question.

Judgment will be for plaintiff.