No. 51,073

ERNEST C. BALLWEG, *Appellee,* v. FARMERS INSURANCE COMPANY, INC., *Appellant.*

No. 51,906

DARLENE M. HACKWORTH, *Appellee,* v. FARMERS INSURANCE COMPANY, INC., *Appellant.*

(618 P.2d 1171)

Case No. 51,073

Opinion filed November 1, 1980.

*Terry Fitzgerald,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City, argued the cause and was on the brief for the appellant.

*Kim Daniel Richey,* of Overland Park, was on the brief for the appellee.

*Randall E. Fisher,* of Salina, was on the *amicus curiae* brief for the Kansas Trial Lawyers Association.

Case No. 51,906

Opinion filed November 1, 1980.

*Edward M. Boyle,* of Payne & Jones, Chartered, of Olathe, argued the cause and was on the brief for the appellant.

*Patrick J. Reardon,* of Leavenworth, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Separate appeals were taken in separate cases decided by the District Court of Johnson County, Kansas. The two appeals were consolidated for oral arguments before this court since the appeals raised similar questions. In the interest of conserving time and space one opinion is being prepared to decide both appeals. The primary question common to both appeals concerns the recovery of attorney fees pursuant to K.S.A. 1979 Supp. 40-3113a(*e*) from an insurer which issued policies covering both the injured person and the tortfeasor. The facts were stipulated to in both cases, and attorney fees were allowed for the recovery of personal injury protection (PIP) benefits reimbursed to the insurance company.

## BALLWEG FACTS

On November 3, 1977, Mila Parkhurst suffered personal injuries as a result of a two-car accident in Johnson County, Kansas. Ms. Parkhurst was one of four passengers in a vehicle driven by a Mr. McFadder.

Ms. Parkhurst had her own policy of automobile liability insurance with Farmers Insurance Company, Inc. (Farmers). Ms. Parkhurst received $999.23 in PIP benefits as a result of the accident. The driver of the other car, Linda Riggs, was the tort-feasor who caused the accident. Ms. Riggs was also insured by Farmers.

Attorney Ernest C. Ballweg was retained by Ms. Parkhurst to pursue her tort claim against the Riggs estate. Mr. Ballweg did perform legal services for Ms. Parkhurst by assisting her in obtaining PIP benefits. He then negotiated with the parties and with Farmers concerning the liability of Ms. Riggs to Ms. Parkhurst. It was agreed that the negligence of Ms. Riggs was the sole cause of the accident. Farmers agreed to pay the full liability limits on the Riggs policy, $30,000.00, to various claimants including Ms. Parkhurst. The injured parties agreed among themselves to an equitable division of the money available after subtracting the reimbursable PIP benefits of $999.23. Farmers as the insurer of Ms. Riggs paid the $30,000.00. Then Farmers, which paid PIP benefits of $999.23 to Ms. Parkhurst, received the sum of $999.23 in reimbursement.

The various claimants having an interest in the $30,000.00 fund, minus the $999.23, agreed that Ms. Parkhurst should have

$3,600.00 as her share. Farmers deducted the $999.23 from the $3,600.00 and paid her and her attorney, Mr. Ballweg, the balance of $2,600.77.

Mr. Ballweg's claim against Farmers for attorney fees in collecting the $999.23 was rejected by Farmers and court action followed.

## HACKWORTH FACTS

On August 17, 1976, Darlene Hackworth was injured in a two-car automobile accident in Johnson County. She was the operator of her car which was insured by Farmers Insurance Company, Inc. (Farmers). Under this insurance coverage Mrs. Hackworth received $14,968.96 in personal injury protection (PIP) benefit payments.

Thomas P. Reynolds was driving the other automobile involved in the accident. Mr. Reynolds was also insured by Farmers with a maximum coverage of $30,000.00 per person.

Mrs. Hackworth retained attorney Patrick J. Reardon to pursue her claim against Mr. Reynolds. The nature and extent of Mrs. Hackworth's injuries were disputed issues in the case filed against Mr. Reynolds. After discovery was undertaken by Farmers, Mrs. Hackworth and her attorney accepted an offer of settlement from Farmers and Reynolds for $30,000.00, less the $14,968.96 reimbursement for PIP payments for a net amount of $15,031.04 to be paid to Mrs. Hackworth in full settlement of the Hackworth claim.

Mr. Reardon as the attorney responsible for the $14,968.96 reimbursement to Farmers claimed a right to an attorney fee. The parties then agreed that a release would be given to Mr. Reynolds and he would be dismissed from the pending action. It was further agreed that Farmers would enter its appearance in the case and that Mr. Reardon would submit the matter of entitlement and amount of fee to the court for its decision. Recovery was sought based on the return of $14,968.96 in PIP payments to Farmers.

## CONSTRUCTION OF THE STATUTE

Does K.S.A. 1979 Supp. 40-3113a(*e*) authorize and direct a court to fix attorney fees which shall be paid proportionately by the insurer and the injured person when one insurance carrier insures all the relevant persons involved?

The foregoing section of the statute reads:

"Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the insurer or self-insurer and the injured person, his or her dependents or personal representatives in the amounts determined by the court."

The insurance carrier in these two cases argues it was not the legislative intent when the prior statute was amended to its present form to require the insurance company to pay an attorney fee when it receives no benefits from the services of the injured person's attorney. In cases such as these, it argues, the company merely makes a bookkeeping entry. After PIP benefits are paid to the injured insured and the company has determined it is liable by reason of the insurance policy issued to the tortfeasor, it merely changes the PIP money from one pocket to the other. It reimburses itself for PIP payments previously paid. In such cases it needs no assistance from the injured party's attorney to help it collect the amount of the lien for PIP payments from itself.

As K.S.A. 40-3113 was originally adopted by the legislature in 1973, the statute provided that the injured person's insurer shall have a lien on the amount of any recovery from a tortfeasor or his insurer to the extent of PIP benefits paid. It further provided that if PIP benefits had previously been paid, then on recovery of damages from the tortfeasor, the claimant should repay to the insurer, out of any amount recovered, a sum equal to that received from the insurer for PIP benefits, but no more than the amount of the recovery, exclusive of reasonable attorney fees and expenses.

This court in *Easom v. Farmers Insurance Co.,* 221 Kan. 415, 560 P.2d 117 (1977), construed the 1973 statute and held that when an attorney for the injured party recovered on a claim against the tortfeasor which included PIP benefits there should be no deduction for attorney fees from the funds to be reimbursed to the PIP insurer.

The *Easom* decision was filed by this court on January 22, 1977. The legislature, then in session, passed the present statute, K.S.A. 1979 Supp. 40-3113a, which became effective July 1, 1977.

Paragraph (e) of the statute is set out above. In *Nitchals v. Williams,* 225 Kan. 285, 590 P.2d 582 (1979), this court construed the present provisions of this statute and held that an attorney for an injured party, who recovers damages from a tortfeasor from which reimbursement for PIP benefits paid must be made to the PIP insurer, is entitled to be paid attorney fees by the PIP insurer based on the proportionate amounts received by the injured party

and the PIP insurance company. *Nitchals v. Williams,* 225 Kan. at 289.

The specific issue presented by the present cases has never been addressed by this court. The provision of our statute authorizing apportionment of attorney fees is peculiar to Kansas and the decisions of foreign courts are of no benefit in construing our statute. In *Russell v. Mackey,* 225 Kan. 588, 594, 592 P.2d 902 (1979), this court held that under the provisions of K.S.A. 1979 Supp. 40-3113a when the injured insured settles the entire claim with the tortfeasor the amount of the settlement received is duplicative of PIP benefits which the injured insured has previously received. In such case the PIP carrier has a lien for the full amount of PIP benefits paid out, with two exceptions. Under section (*d*) there is a comparative negligence reduction for any percentage of negligence attributable to the injured person, and under section (*e*) there is a reduction for attorney fees claimed for recovery of duplicative PIP benefits.

After examining the statute, and the opinions of this court in *Nitchals* and *Russell,* together with *Farmers Ins. Co. v. Farm Bureau Mut. Ins. Co.,* 227 Kan. 533, 608 P.2d 923 (1980), and *McNemee v. Farmers Insurance Group,* 228 Kan. 211, 612 P.2d 645 (1980), we find no exception mentioned which would justify withholding payment of reasonable attorney fees in cases where a single insurance company represents all parties.

The question raised by appellant is one of statutory construction. Section (*e*) of the statute makes no exception when one insurance company represents all parties. The fundamental rule for construction of statutes, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute even though words, phrases or clauses might be omitted from the statute. *Easom v. Farmers Insurance Co.,* 221 Kan. at 421-422. The intent of the legislature as shown by this statute is to provide compensation for attorneys for services they perform which have the effect of obtaining reimbursement for PIP benefits paid by the PIP insurer.

In order to adopt the position of Farmers in this case it would be necessary to add a clause to the statute and create an exception. This can only be done if such an exception clearly appears to have been intended by the legislature. *Long v. Meade,* 162 Kan. 129, 132, 174 P.2d 114 (1946). The legislative intent is clear and there

can be no justification for this court to originate an exception. Even if the legislature does not contemplate the occurrence which confronts a court in construing a statute, that court may not supply omissions in a statute. This is true regardless of whether the omission resulted from inadvertence or because the case in question was never contemplated. 82 C.J.S., Statutes § 328, p. 635.

However, the possibility of one company issuing insurance policies to both parties to an accident is clearly foreseeable, and we do not view the lack of an exception to cover such an event to be by legislative oversight. The allowance of attorney fees by statute is placed in the hands of the court, and the reasonable amount of the fee is to be fixed by the court. The control by the court was provided for by the legislature and we see no reason why the cost of services of an attorney should not be apportioned in these cases the same as in others. We hold: The PIP insurer received the benefit of the efforts of the injured insured's attorney whose efforts brought about the compromise and settlement in a binding legal fashion. K.S.A. 1979 Supp. 40-3113a(e) authorizes and directs a court to fix reasonable attorney fees to be paid proportionately by the insurer and the injured person, and this is true even though one insurance carrier may have insured all relevant persons involved in the accident out of which personal injury protection benefits became due.

## BALLWEG ATTORNEY FEE

Ernest C. Ballweg submitted an itemized statement for services rendered for the benefit of the PIP insurer. The statement listed ten hours at $50.00 per hour for a total of $500.00. This amount would seem out of proportion if you consider only the amount of the PIP benefits recovered, $999.23. Farmers contends on appeal the amount of fees charged was unreasonable.

In determining the reasonableness of an attorney fee many things must be taken into consideration in addition to the amount recovered for the PIP insurer. Many times the effort and time expended in compromise and settlement of an insurance claim are increased proportionately to the number of parties interested in a division of the proceeds. The time and energy necessary to successfully settle such a multi-party matter is far greater than would be required if the compromise and settlement is merely one on one.

In the present case the matter of reasonable fees was presented to the trial court. Mr. Ballweg furnished the itemized statement of hourly charges. The insurance company did not contest either the number of hours or the amount of the hourly charge. In view of the record before this court we must approve the trial court's decision and affirm the allowance as reasonable.

### HACKWORTH ATTORNEY FEE

Patrick J. Reardon claimed a fee of one-third the amount of the PIP benefits returned to Farmers as a result of the action which he filed on behalf of Mrs. Hackworth against Mr. Reynolds. The $14,968.96 in PIP benefits had previously been paid by Farmers to Mrs. Hackworth. The fee claimed by Mr. Reardon amounted to approximately $4,989.00 or one-third of the $14,968.96 reimbursement of PIP benefits received by Farmers. On appeal Farmers questions the reasonableness of the fee.

In the Hackworth case there was a dispute at the outset as to the nature and extent of injuries. Mr. Reardon prepared and filed a lawsuit. Discovery evidence was taken and thereafter a settlement was made based upon the policy limits of $30,000.00. When the question of reasonableness of the fee was tried in the court below the work product was available by checking through the records of the court. No evidence was introduced by Farmers to question the extent of the services or the reasonableness of the fee. This court is in no position to say the trial court abused its discretion in setting the fee. We note in the case of *Russell v. Mackey,* 225 Kan. at 589, a one-third fee was set by the trial court and approved on appeal by this court. In view of the record before this court we feel compelled to approve the trial court's decision and affirm the allowance as reasonable.

The separate judgments are affirmed in each case.