No. 54,077

VIVIAN RICHARDS, *Plaintiff-Appellee*, v. LARRY ETZEN, *Defendant*, v. PROVIDENCE-ST. MARGARET HEALTH CENTER, *Intervenor-Appellant*, v. KEMPER INSURANCE CO., *Intervenor-Appellee*.

(647 P.2d 1331)

Opinion filed July 16, 1982.

*Robert A. DeCoursey*, of Kansas City, argued the cause and was on the brief for intervenor-appellant Providence-St. Margaret Health Center.

*Jon S. Willard*, of Olathe, argued the cause and was on the brief for intervenor-appellee Kemper Insurance Company.

*Wayne T. Stratton* and *Marla J. Luckert*, of Goodell, Stratton, Edmonds, Palmer & Wright, of Topeka, were on the brief for *amicus curiae* Kansas Hospital Association.

The opinion of the court was delivered by

MILLER, J.: Which is prior, the lien of a hospital which cares for an accident victim, or the lien of an insurance carrier which pays personal injury protection (PIP) benefits to its injured insured? That is the issue confronting us in this case.

The plaintiff, Vivian Richards, was injured in an automobile accident. Providence-St. Margaret Health Center, the intervenor and appellant, treated her for her injuries in August, 1978. On November 8, 1978, Providence-St. Margaret filed a lien for $7,178.85 (later amended upward to $10,258.20), pursuant to K.S.A. 65-406. However, Providence-St. Margaret now claims only the statutory amount of $5,000 as provided in K.S.A. 65-406.

The plaintiff's insurer, Kemper Insurance Company, the inter-

venor and appellee, paid plaintiff $9,800 in PIP benefits as the result of her injuries. Of that amount, Kemper paid $2,000 to Providence-St. Margaret for plaintiff's medical bills, and $7,800 directly to plaintiff for wage loss.

On July 3, 1980, plaintiff filed suit against the defendant, Larry Etzen, claiming that he negligently caused the collision and her resulting injuries and damages. These parties reached a compromise settlement in 1981 for $10,000. Attorney James Yates represented plaintiff under a contingent fee arrangement. Both Providence-St. Margaret and Kemper intervened.

On July 17, 1981, the plaintiff filed a motion for an order for distribution of funds which was heard on August 28, 1981. The district court ordered the following disbursement:

"1. That plaintiff's attorney is entitled to the payment of $5,000.00 pursuant to his contingent fee contract and said attorney fees constitute a first and prior lien under K.S.A. 40-3113a. The Court finds under the circumstances that said amount is a reasonable attorney fee in this particular case.

"2. That Kemper Insurance Company is entitled to be reimbursed for payment of PIP benefits which would be the balance of funds remaining due to the fact the total PIP payments almost totaled the entire amount of the settlement.

"3. That Providence-St. Margaret Health Center has a valid lien for health services, but their lien is inferior to the above two (2) claimants. Since there are no remaining funds, the lien cannot be exercised in this case."

Providence-St. Margaret agrees with the trial court's holding that the attorney's lien is superior to the hospital lien under the terms of K.S.A. 65-406 and K.S.A. 40-3113a. However, Providence-St. Margaret claims a lien superior to that of the PIP carrier, Kemper, under K.S.A. 65-406, which provides:

"Every hospital in the state of Kansas, which shall furnish emergency, medical or other service to any patient injured by reason of an accident not covered by the workmen's compensation act, shall, if such injured party shall assert or maintain a claim against another for damages on account of such injuries, have a lien not to exceed five thousand dollars ($5,000) upon that part going or belonging to such patient of any recovery or sum had or collected or to be collected by such patient, or by his heirs, personal representatives or next of kin in the case of his death, whether by judgment or by settlement or compromise to the amount of the reasonable and necessary charges of such hospital for the treatment, care and maintenance of such patient in such hospital up to the date of payment of such damages: *Provided, however,* That this lien shall not in any way prejudice or interfere with any lien or contract which may be made by such patient or his heirs or personal representatives with any attorney or attorneys for handling the claim on behalf of such patient, his heirs or personal representatives: *Provided further,* That the lien herein set forth shall not be applied or considered valid against anyone coming under the workmen's compensation act in this state."

Kemper, on the other hand, points to K.S.A. 40-3113a, and argues that it is entitled to full reimbursement of the PIP benefits paid to its insured, Vivian Richards. K.S.A. 40-3113a provides in applicable part:

"(a) When the injury for which personal injury protection benefits are payable under this act [is] caused under circumstances creating a legal liability against a tortfeasor pursuant to K.S.A. 40-3117, the injured person, his or her dependents, or personal representatives shall have the right to pursue his, her or their remedy by proper action in a court of competent jurisdiction against such tortfeasor.

"(b) In the event of recovery from such tortfeasor by the injured person, his or her dependents or personal representatives by judgment, settlement or otherwise, the insurer or self-insurer shall be subrogated to the extent of duplicative personal injury protection benefits provided to date of such recovery and shall have a lien therefor against such recovery and the insurer or self-insurer may intervene in any action to protect and enforce such lien. Whenever any judgment in any such action, settlement or recovery otherwise shall be recovered by the injured person, his or her dependents or personal representatives prior to the completion of personal injury protection benefits, the amount of such judgment, settlement or recovery otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said personal injury protection benefits.

. . . . .

"(d) In the event of a recovery pursuant to K.S.A. 60-258a, the insurer or self-insurer's right to subrogation shall be reduced by the percentage of negligence attributable to the injured person.

"(e) Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the insurer or self-insurer and the injured person, his or her dependents or personal representatives in the amounts determined by the court."

It is clear under the terms of K.S.A. 40-3113a that when an injured party settles his or her entire claim with a tortfeasor and the amount of the settlement is duplicative of PIP benefits paid by the PIP carrier, then the carrier has a lien for the full amount of PIP benefits paid, subject only to the two exceptions set out in K.S.A. 40-3113a(d) and (e), above. K.S.A. 40-3113a does not make an exception for hospital liens.

There is an apparent conflict between the two applicable statutes. We agree with the trial court's conclusion that the conflict should be resolved in favor of the PIP carrier, Kemper. The Kansas automobile injury reparations act, K.S.A. 40-3101 et seq., is designed to make personal injury protection insurance mandatory by requiring every owner of a motor vehicle to obtain first party PIP coverage payable by his own insurance company re-

gardless of fault. See *Easom v. Farmers Insurance Co.*, 221 Kan. 415, 560 P.2d 117 (1977).

The act, commonly referred to as the "no-fault law," has as one of its primary purposes the reduction of automobile accident litigation. At the same time, the law provides for prompt compensation to auto accident victims for certain economic losses, thus avoiding the delay often encountered in seeking damages from the party at fault. See *Russell v. Mackey*, 225 Kan. 588, 594, 592 P.2d 902 (1979), where we construed K.S.A. 1977 Supp. 40-3113a and held:

"We have concluded that K.S.A. 1977 Supp. 40-3113a should be construed to mean that, if the injured insured settles his total claim with the tortfeasor, including those elements of damage represented by the PIP benefits, the recovery is duplicative, since it includes the PIP benefits. Since the PIP carrier has a lien under the statute, it is subrogated to and may recover the full amount of its PIP benefits paid out of any recovery made by the insured, subject only to the two statutory exceptions specifically provided for by subsections (*d*) and (*e*) of 40-3113a. As noted above, there may be a reduction for attorney fees under subsection (*e*) and a reduction under subsection (*d*) for the comparative negligence of the insured where the insured's recovery is reduced by his own negligence in an action brought pursuant to K.S.A. 60-258a."

See also *Ballweg v. Farmers Ins. Co.*, 228 Kan. 506, 618 P.2d 1171 (1980).

The language of K.S.A. 40-3113a places only two limitations upon the right of a PIP carrier to reimbursement and subrogation. Those limitations are not at issue here. The legislature did not provide an exception in 40-3113a which would give the hospital lien priority over the PIP benefit lien.

We are not unaware of the competing policy arguments made by Providence-St. Margaret and the *amicus curiae*, Kansas Hospital Association. Although these are appealing, certain rules of statutory construction compel our conclusion here. The hospital lien statute, K.S.A. 65-406, was enacted in 1939, and was last amended in 1972. K.S.A. 40-3113a was enacted in 1977, long after the hospital lien statute. The legislature did not provide any accommodation between the two apparently conflicting sections. It is a settled rule of statutory construction that where an irreconcilable conflict exists between statutes, the latest enactment will be held to supersede, repeal or supplant the earlier by implication. Thus, the later enactment must prevail. *American Fidelity Ins. Co. v. Employers Mut. Cas. Co.*, 3 Kan. App. 2d 245, 250, 593

P.2d 14 (1979); *Kimminau v. Common School District,* 170 Kan. 124, Syl. ¶ 4, 223 P.2d 689 (1950); 73 Am. Jur. 2d, Statutes § 256, p. 426.

Additional rules of construction applicable to this case were stated in *Ballweg,* where we said:

"The fundamental rule for construction of statutes, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute even though words, phrases or clauses might be omitted from the statute. . . .

". . . Even if the legislature does not contemplate the occurrence which confronts a court in construing a statute, that court may not supply omissions in a statute. This is true regardless of whether the omission resulted from inadvertence or because the case in question was never contemplated." 228 Kan. at 510-11.

Here, as in *Ballweg,* the legislative intent is clear and there can be no justification for the judicial engrafting of another exception not found in the statute. The legislature may, of course, place other statutory restrictions on, or enact other exceptions to, the right of a PIP carrier to reimbursement or subrogation if it chooses to do so.

The judgment is affirmed.

SCHROEDER, C.J., dissenting.