(659 P.2d 249)
No. 54,550

JOHNSTON & JOHNSTON, P.A., *Appellee*, v. GULF INSURANCE COMPANY, *Appellant*.

Opinion filed February 24, 1983.

*William Tinker, Jr.*, of McDonald, Tinker, Skaer, Quinn & Herrington, of Wichita, for the appellant.

*Kelly W. Johnston*, of Johnston & Johnston, P.A., of Wichita, for the appellee.

Before FOTH, C.J., SPENCER and SWINEHART, JJ.

*Per Curiam:* This is an appeal by defendant Gulf Insurance Company from an order of the District Court of Sedgwick County in favor of plaintiff Johnston & Johnston, P.A., awarding plaintiff attorney fees from the recovery of personal injury protection benefits, pursuant to K.S.A. 40-3113a(*e*).

This case was tried to the court on stipulated facts; consequently, the facts are not in dispute.

On September 8, 1980, an automobile accident involving Tony Jiminez and Mark E. Wittsell occurred in Wichita. At that time Jiminez was insured by Gulf Insurance Company (Gulf), and had personal injury protection (PIP) benefits insurance as required by the Kansas Automobile Injury Reparations Act, K.S.A. 40-3101 *et seq.* Jiminez sustained personal injuries in the accident and accordingly made a claim against Gulf for PIP benefits. Gulf ultimately paid Jiminez $2,393.45 in medical and wage benefits.

On October 8, 1980, Jiminez retained plaintiff Johnston &

Johnston, P.A., to pursue a civil action against Wittsell. Wittsell was insured by the St. Paul Insurance Companies (St. Paul).

On January 23, 1981, Gulf notified its insured, Jiminez, and Wittsell of its PIP subrogation rights. The letter states in part:

"In essence, the Gulf Insurance Company has a right to recover all benefits provided to you under personal injury protection from the adverse party, and this amount will be payable to the Gulf Insurance Company from any settlement actually negotiated by you with the adverse party."

On January 27, 1981, Gulf was notified by St. Paul that Jiminez was represented by plaintiff, Johnston & Johnston, P.A.

On January 30, 1981, plaintiff notified Gulf by letter of plaintiff's representation of Jiminez.

On February 25, 1981, plaintiff proposed settlement to St. Paul. Plaintiff requested $15,000 and stated: "This includes the PIP lien of Gulf Insurance Group." Also, on February 25, 1981, plaintiff notified Gulf that settlement negotiations had been commenced with St. Paul. Plaintiff also advised Gulf that the PIP benefits were being recovered through the proposed settlement, and pursuant to Kansas law, plaintiff was claiming an attorney fee (35%) for its work in recovering the benefits.

On March 4, 1981, Gulf filed for arbitration of its claim against Wittsell with the arbitration committee. The arbitration proceeding was subsequently deferred by the committee, since a settlement was in the works between St. Paul and plaintiff.

On March 17, 1981, plaintiff requested an agreement from Gulf as to plaintiff's claim for attorney fees. A similar request was made again on June 24, 1981.

On July 6, 1981, Jiminez settled his claim against Wittsell and St. Paul. He executed a release for the sum of $10,500, which included the $2,393.45 paid by defendant Gulf as PIP benefits.

On July 17, 1981, Gulf officially rejected plaintiff's claim for attorney fees for recovering the PIP benefits. At no time did Gulf retain plaintiff to represent it and seek recovery of the PIP benefits.

On August 11, 1981, plaintiff filed this suit seeking recovery of 35% of the PIP reimbursement ($837.71). The $2,393.45 draft executed by St. Paul to Jiminez and Gulf for reimbursement of the PIP benefit was deposited with the clerk of the court for the pendency of the lawsuit.

The case was tried to the court on stipulated facts and the trial

court found that plaintiff was entitled to an attorney fee based upon the PIP benefits recovered, and that a contingency fee of 35% would be reasonable.

Defendant Gulf appeals, and raises the following issue: Whether the defendant PIP carrier has a legal obligation to proportionately share the responsibility for its insured's attorney fees pursuant to K.S.A. 40-3113a(e), absent an independent contract for hire between the PIP insurance carrier and the insured's attorney.

Defendant contends that plaintiff is not entitled to a proportionate recovery of attorney fees from defendant in return for recovery of defendant's PIP benefits because no independent contract of representation existed or had ever existed between defendant and plaintiff, and because plaintiff was told not to pursue legal actions on defendant's behalf.

K.S.A. 40-3113a provides:

"(a) When the injury for which personal injury protection benefits are payable under this act [is] caused under circumstances creating a legal liability against a tortfeasor pursuant to K.S.A. 40-3117, the injured person, his or her dependents or personal representatives shall have the right to pursue his, her or their remedy by proper action in a court of competent jurisdiction against such tortfeasor.

"(b) In the event of recovery from such tortfeasor by the injured person, his or her dependents or personal representatives by judgment, settlement or otherwise, the insurer or self-insurer shall be subrogated to the extent of duplicative personal injury protection benefits provided to date of such recovery and shall have a lien therefore against such recovery and the insurer or self-insurer may intervene in any action to protect and enforce such lien. Whenever any judgment in any such action, settlement or recovery otherwise shall be recovered by the injured person, his or her dependents or personal representatives prior to the completion of personal injury protection benefits, the amount of such judgment, settlement or recovery otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said personal injury protection benefits.

"(c) In the event an injured person, his or her dependents or personal representative fails to commence an action against such tortfeasor within eighteen (18) months after the date of the accident resulting in the injury, such failure shall operate as an assignment to the insurer or self-insurer of any cause of action in tort which the injured person, the dependents of such person or personal representatives of such person may have against such tortfeasor for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. Such insurer or self-insurer may enforce same in his or her own name or in the name of the injured person, representative or dependents of the injured person for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

"(d) In the event of a recovery pursuant to K.S.A. 60-258a, the insurer or self-insurer's right of subrogation shall be reduced by the percentage of negligence attributable to the injured person.

"(e) *Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the insurer or self-insurer and the injured person, his or her dependents or personal representatives in the amounts determined by the court.*" (Emphasis supplied.)

The court has had a number of opportunities to construe this section, and in particular subsection (e) which pertains to attorney fees. In *Nitchals v. Williams,* 225 Kan. 285, 590 P.2d 582 (1979), the court was primarily concerned with whether K.S.A. 40-3113a was to have retrospective or prospective application. The court took the opportunity to discuss the 1977 legislative changes in the law, made in response to the court's decision in *Easom v. Farmers Insurance Co.,* 221 Kan. 415, 560 P.2d 117 (1977):

"In *Easom,* the primary question before the court was whether, under 40-3113, a PIP carrier was entitled to the complete reimbursement of all PIP benefits paid to the insured, in the event the insured later recovered damages against a tortfeasor, without deduction of a proportionate share of the attorney fees and expenses incurred by the insured in obtaining the recovery from the tortfeasor. In *Easom,* this court, by a four-to-three decision, construed K.S.A. 1975 Supp. 40-3113(a) as providing that, when an insured plaintiff recovers damages against the tortfeasor in an amount in excess of the PIP benefits paid to the plaintiff by the PIP carrier, the PIP carrier is entitled to full reimbursement out of the insured's recovery for all PIP benefits paid without a reduction for any part of the attorney fees and expenses incurred by the insured. 221 Kan. at 431-433. The majority opinion in *Easom* agreed with the insured's counsel that the statute, as interpreted, appeared to work an injustice where the claimant has borne the expense of discovery depositions and attorney fees necessary to bring about a settlement, while the insurer has sat on the sidelines, yet reaped the benefits of reimbursement. *The effect of Easom was to give the PIP carrier a free ride whenever the insured proceeded against a third party.*

"Apparently in response to the court's interpretation of 40-3113 in *Easom,* the 1977 legislature, which was in session when *Easom* was decided, repealed K.S.A. 1975 Supp. 40-3113 and, in its place, enacted K.S.A. 1977 Supp. 40-3113a, which provides in pertinent part as follows:

.   .   .   .

"It should be noted that the right of reimbursement and indemnity under the old statute was transformed into a right of subrogation under subsections (b) and (d) of the new statute. In addition, the legislature enacted the new subsection, K.S.A. 1977 Supp. 40-3113a(e), which, in effect, requires the PIP insurer to pay a proportionate share of the attorney fees which were incurred by the insured in obtaining a judgment or settlement against a third-party tortfeasor." 225 Kan. at 287-89. (Emphasis supplied.)

In *Ballweg v. Farmers Ins. Co.*, 228 Kan. 506, 618 P.2d 1171 (1980), the court was presented with two cases which were consolidated for purposes of appeal where both parties in each case were insured by the same insurance company. Automobile accidents occurred and PIP benefits were advanced to the plaintiffs. In each case the plaintiffs employed counsel to pursue a tort claim against the party at fault. In each case the parties agreed on a settlement which included reimbursement of the PIP benefits. The attorneys representing the plaintiffs each maintained that the insurance company owed them a proportionate share of attorney fees for recovering the PIP benefits. The court stated:

"The insurance carrier in these two cases argues it was not the legislative intent when the prior statute was amended to its present form to require the insurance company to pay an attorney fee when it receives no benefits from the services of the injured person's attorney. In cases such as these, it argues, the company merely makes a bookkeeping entry. After PIP benefits are paid to the injured insured and the company has determined it is liable by reason of the insurance policy issued to the tortfeasor, it merely changes the PIP money from one pocket to the other. It reimburses itself for PIP payments previously paid. *In such cases it needs no assistance from the injured party's attorney* to help it collect the amount of the lien for the PIP payments from itself.

. . . .

"The specific issue presented by the present cases has never been addressed by this court. The provision of our statute authorizing apportionment of attorney fees is peculiar to Kansas and the decisions of foreign courts are of no benefit in construing our statute. In *Russell v. Mackey*, 225 Kan. 588, 594, 592 P.2d 902 (1979), this court held that under the provisions of K.S.A. 1979 Supp. 40-3113a when the injured insured settles the entire claim with the tortfeasor the amount of the settlement received is duplicative of PIP benefits which the injured insured has previously received. In such case the PIP carrier has a lien for the full amount of PIP benefits paid out, with two exceptions. Under section (d) there is a comparative negligence reduction for any percentage of negligence attributable to the injured person, and under section (e) there is a reduction for attorney fees claimed for recovery of duplicative PIP benefits.

"After examining the statute, and the opinions of this court in *Nitchals* and *Russell*, together with *Farmers Ins. Co. v. Farm Bureau Mut. Ins. Co.*, 227 Kan. 533, 608 P.2d 923 (1980), and *McNemee v. Farmers Insurance Group*, 228 Kan. 211, 612 P.2d 645 (1980), we find no exception mentioned which would justify withholding payment of reasonable attorney fees in cases where a single insurance company represents all parties.

"The question raised by appellant is one of statutory construction. Section (e) of the statute makes no exception when one insurance company represents all parties. The fundamental rule for construction of statutes, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute even though words, phrases or clauses

might be omitted from the statute. *Easom v. Farmers Insurance Co.*, 221 Kan. at 421-422. The intent of the legislature as shown by this statute is to provide compensation for attorneys for services they perform *which have the effect of obtaining reimbursement for PIP benefits paid by the PIP insurer.*

"In order to adopt the position of Farmers in this case it would be necessary to add a clause to the statute and create an exception. This can only be done if such an exception clearly appears to have been intended by the legislature. *Long v. Meade*, 162 Kan. 129, 132, 174 P.2d 114 (1946). The legislative intent is clear and there can be no justification for this court to originate an exception. Even if the legislature does not contemplate the occurrence which confronts a court in construing a statute, that court may not supply omissions in a statute. This is true regardless of whether the omission resulted from inadvertence or because the case in question was never contemplated. 82 C.J.S., Statutes § 328, p. 635.

"However, the possibility of one company issuing insurance policies to both parties to an accident is clearly foreseeable, and we do not view the lack of an exception to cover such an event to be by legislative oversight. The allowance of attorney fees by statute is placed in the hands of the court, and the reasonable amount of the fee is to be fixed by the court. The control by the court was provided for by the legislature and we see no reason why the cost of services of an attorney should not be apportioned in these cases the same as in others. *We hold: The PIP insurer received the benefit of the efforts of the injured insured's attorney whose efforts brought about the compromise and settlement in a binding legal fashion.* K.S.A. 1979 Supp. 40-3113a(e) authorizes and directs a court to fix reasonable attorney fees to be paid proportionately by the insurer and the injured person, and this is true even though one insurance carrier may have insured all relevant persons involved in the accident out of which personal injury protection benefits became due." pp. 509-11. (Emphasis supplied.)

In *Quesenbury v. Wichita Coca Cola Bottling Co.*, 229 Kan. 501, 625 P.2d 1129 (1981), the court considered a similar situation concerning an insurer's subrogation rights in a non-PIP context. After reviewing the Kansas law concerning the recovery of attorney fees, the court discussed an equitable exception to the general rule that the right of an attorney to compensation for his services depends upon a contract of employment, express or implied:

"Whether a subrogated property insurer is obligated, absent a contract, to pay a fee to the insured's attorney who recovers damages from a third party tort-feasor is the subject of an annotation in 2 A.L.R.3d 1441. Where such compensation has been allowed, it is generally on the basis that it is unfair and inequitable to permit an insurance company to sit back, do nothing, and have its subrogated interest collected without cost to the company. The logic is persuasive. Were it otherwise, the insured and insurer would each try to outwait the other in bringing the action against the tort-feasor. The one waiting the longer time would pay no attorney fees in the event of recovery from the tort-feasor. We conclude that an attorney under appropriate circumstances may be allowed a fee from a portion of a fund recovered through his efforts based upon equitable considerations." p. 504.

From the above authorities, it is clear that plaintiff in the present case was entitled to an award of attorney fees from defendant. A fair reading of K.S.A. 40-3113a alone leads to this conclusion. That provision does not make such a fee contingent upon a contract between the insurance company and the insured's chosen counsel. The insurance company always has the choice to intervene. A review of the record on appeal reveals that defendant told plaintiff that it was going to pursue its recovery of PIP benefits through arbitration only after plaintiff advised defendant that settlement negotiations were entered into and the PIP benefits were included in the settlement. Consequently, defendant's claim that plaintiff was acting in defiance of its directives not to pursue legal actions on its behalf is without justification. Judgment of the trial court is affirmed.

Plaintiff/appellee, by motions filed during the pendency of this appeal, requests the allowance of attorney fees and expenses based upon Supreme Court Rule 7.07(b) (230 Kan. lxii), and post-judgment interest pursuant to K.S.A. 1982 Supp. 16-204(*a*).

Since the appellee did not raise the issue of post-judgment interest at the trial court level, it will not be allowed to raise that issue for the first time on appeal. *Anderson v. Overland Park Credit Union*, 231 Kan. 97, Syl. ¶ 6, 643 P.2d 120 (1982).

In light of what has been said, we believe there should have been no question as to the propriety of the judgment entered by the trial court. Nevertheless, because the precise issues presented here had not previously been expressly decided, we cannot find this appeal to be totally frivolous.

Affirmed.