Lincoln Township Board 2191 Eden Road Abilene, Kansas 67410
Dear Lincoln Township Board Members:
You request our opinion concerning several issues related to the detachment of a township from a fire district. You inform us that Lincoln township, which lies entirely within Dickinson county, intends to detach from Saline county fire district no. 5. In accordance with this detachment, you ask three specific questions that will be answered in turn.
1) Will Lincoln township be liable for its proportionate share of all outstanding debts of fire district no. 5 on the date the detachment resolution is passed?
Because the fire district in question is made up of territory in more than one county, K.S.A. 19-3624 et seq. guide the analysis. More specifically, K.S.A. 19-3631 addresses the detachment of territory from the fire district. The plain language of the statute answers the question of debt liability.
"The territory detached from the fire district shall be liable for its proportionate share of all outstanding indebtedness of the district on the date the resolution is passed by the governing board detaching the territory." K.S.A. 19-3631.
Clearly, Lincoln township will be responsible for its proportionate share of the outstanding indebtedness that exists on the date the detachment resolution is passed by the governing board.
2) Will Lincoln township be entitled to a portion of the holdings of fire district no. 5?
The applicable detachment statute, K.S.A. 19-3631, is silent as to the distribution of the fire district's holdings. We note that prior to the 1965 enactment of K.S.A. 19-3631, the legislature had enacted K.S.A. 19-3611 which provided for the reorganization of certain fire districts. That statute refers to both liability for the district's indebtedness and the equitable apportionment of the district's property.
It is significant that when the legislature later addressed the issue of detachment in K.S.A. 19-3631 for fire districts involving more than one county, it chose not to include a provision like the one in K.S.A. 19-3611 for the equitable apportionment of the district's assets. It is a general rule of statutory construction that omissions may not be supplied when interpreting a statute.Johnson Johnson, P.A. v. Gulf Insurance Co., 8 Kan. App. 2d 401,406 (1983). Furthermore, "it is presumed that the legislature acts with full knowledge and information concerning the subject matter of a statute, including prior and existing legislation."State v. Martinez, 255 Kan. 464, 473 (1994), citing Szoboszlay v.Glessner, 233 Kan. 475, 480 (1983). We conclude, therefore, that Lincoln township is not statutorily entitled to a distribution of the holdings of fire district no. 5.
This is not to say that the governing body of the fire district is precluded from distributing holdings of the district to the township. We are informed that the board of county commissioners in the present case has delegated the powers concerning the governing of the fire district to a board pursuant to K.S.A.19-3631a. According to K.S.A. 19-3625, this governing body may exercise "all the powers granted to a fire district under K.S.A.19-3601a." The governing body of a fire district may "(a) Enter contracts; (b) acquire and dispose of real and personal property." K.S.A. 1994 Supp. 19-3601a. Thus, the governing body of fire district no. 5 has the authority to enter into an agreement with Lincoln township to provide for the apportionment of the district's holdings.
3) If Lincoln township is successfully detached, would the revenue generated from taxes for 1995 still be distributed to fire district no. 5? How would this affect the distribution of the fire district's holdings? Would the same apply to delinquent taxes?
K.S.A. 19-3626 provides for the taxation of tangible property in the benefit district. The governing body submits an annual budget to the clerk of the county in which the greater portion of the district is located. K.S.A. 19-3626. Next, all of the county clerks in the benefit district certify to the county clerk in which the greater portion of the district is located the total amount of assessed taxable tangible property. Id. The county clerk in the county where the governing body is located then determines the rate of tax necessary to be levied. Id. Finally, "It shall be the duty of the board of county commissioners of the counties where any territory of the benefit district lies to levy the tax upon the taxable tangible property in such benefit district." Id. The plain language of this statute provides that as long as a territory is part of a benefit fire district, the board of county commissioners of the county where the territory is located must levy the tax upon the taxable tangible property as certified by the county clerk in the county where the governing body is located.
We are informed that Lincoln township plans to request detachment during the month of June in 1995. If such detachment is approved by the governing body of the fire district, the order does not become effective until January 1, 1996. K.S.A. 19-3631. This means that Lincoln township will remain a part of fire district no. 5 until at least January 1, 1996. As long as Lincoln township is part of the benefit district, the governing body of the district may include the township in its budget and resulting tax levies.
The procedure for the transmittal of tax moneys collected for a fire district is set out in K.S.A. 19-3627. The statute provides:
 "The county treasurer of any county in which any part of the benefit district lies, except the county treasurer of the county in which the governing body is located, shall upon collection of the tax moneys provided for in K.S.A. 19-3626, transmit the same to the county treasurer of the county in which the governing body is located, and said county treasurer shall credit all moneys received under this act to the benefit district. All moneys received by the benefit district may be paid out and expended by the governing body of said benefit district for the purposes of carrying out the provisions of this act." K.S.A. 19-3627 (Emphasis added).
The language of this statute requires that upon the collection of tax moneys under this act, the county treasurer where the tax is levied must transmit the moneys to the county treasurer of the county where the governing body of the district is located. K.S.A. 19-3627. The county treasurer of the county where the governing body of the district is located must credit these moneys to the benefit district. Id. These funds may be expended by the governing body of the benefit district. Id. The plain language of this statute requires that all tax revenues generated for the fire district in 1995 be distributed to the governing body of the fire district.
As we noted in our response to question number two, the distribution of the holdings of the fire district is a matter within the control of the governing body of the district pursuant to K.S.A. 1994 Supp. 19-3601a.
As to your question concerning delinquent taxes, there is no exception made in the statute for a different procedure for delinquent taxes. K.S.A. 19-3627 provides that "all" moneys received under this act shall be credited to the benefit district. Therefore, moneys collected from delinquent 1995 taxes for the benefit of fire district no. 5 must also be distributed to the governing body of the district.
In conclusion, we opine that when a township detaches from a benefit fire district organized pursuant to K.S.A. 19-3624, the township is liable for its proportionate share of all outstanding indebtedness of the district on the date the detachment resolution is passed by the governing body of the district. We further find that the distribution of the holdings of such fire district is within the authority and control of the governing body of the district. Finally, we conclude that all tax revenues, including delinquent taxes, generated in order to carry out the purposes of the benefit district must be distributed to the governing body of the district.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:bas