No. 54,623

CATHLEEN M. FOTOVICH POTTS, *Appellant,* v. IMOGENE P. GOSS, *et al., Appellees,* v. FARM BUREAU MUTUAL INSURANCE COMPANY, INC., *PIP Carrier.* CATHLEEN M. FOTOVICH POTTS and FARM BUREAU MUTUAL INSURANCE COMPANY, INC., as their interest may appear, *Appellants,* v. CHRISTOPHER I. GOSS, *Appellee.*

(660 P.2d 555)

Opinion filed March 26, 1983.

*Paul Hasty, Jr.,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, argued the cause and was on the brief for appellant Farm Bureau Mutual Insurance Company, Inc.

*William L. Roberts,* of Roberts & Duncan, of Kansas City, argued the cause and was on the brief for appellee Cathleen M. Fotovich Potts.

*Robert D. Benham,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City, argued the cause and was on the brief for appellees Imogene P. Goss and Christopher I. Goss.

The opinion of the court was delivered by

MCFARLAND, J.: This appeal of consolidated cases arises from defendant Farm Bureau Mutual Insurance Co., Inc.'s umbrage over the trial court's award of attorney fees pursuant to K.S.A. 40-3113a(e) to its insured's attorney following recovery of duplicative personal injury protection (PIP) benefits from the tortfeasors' insurance carrier. Before proceeding, we note, in fact, Catherine M. Fotovich Potts is an appellee, not an appellant, in this action.

The relatively simple facts and rather complex procedural history of the controversy must be set forth in considerable detail. On February 17, 1980, defendant Christopher Goss, the 17-year-old son of defendant Imogene Goss, was driving his mother's automobile in Kansas City, Kansas, when it collided

with an automobile being driven by plaintiff, Cathleen M. Fotovich Potts. The Goss vehicle was insured by Farmers Insurance Company. The Potts vehicle was insured by Farm Bureau Mutual Insurance Co., Inc., which company paid Ms. Potts $8,861.46 in PIP benefits.

On June 18, 1981, Ms. Potts filed suit (No. 81-C-2291) against Imogene and Christopher Goss. Service of process was obtained on Imogene Goss. Service was not obtained on Christopher Goss as he had joined the U.S. Marine Corps and was then stationed in North Carolina. Farm Bureau did not intervene in this action but was kept informed of the progress of the case by its insured's attorney. At one point Farm Bureau was advised that $6,000 might be the maximum settlement that could be obtained. Farm Bureau became concerned and hired attorney Paul Hasty to represent it if it became necessary to intervene in the *Potts v. Goss* litigation. No intervention occurred.

On or about February 3, 1982, a settlement of $10,000 was reached. A general release was signed by Ms. Potts releasing both Imogene and Christopher Goss. *Potts v. Goss* was dismissed with prejudice on February 4, 1982, by stipulation of the parties' counsel. The Goss insurer issued its check for $10,000 made payable to Ms. Potts, her attorney and Farm Bureau. The check was forwarded to Farm Bureau for endorsement in order that its lien of $8,861.46 could be paid therefrom. Farm Bureau refused to endorse the check.

On February 16, 1982, after the *Potts-Goss* settlement, Farm Bureau filed an action (No. 82-C-0524) against Christopher Goss seeking recovery of the amount of PIP benefits paid Ms. Potts ($8,861.46)—notwithstanding the fact the Goss insurer had previously issued the check which would have totally satisfied the claim. On February 22, 1982, the Potts counsel filed a "Motion to Fix Attorney Fees of Subrogated Pursuant to K.S.A. 40-3113a" in the original case (No. 81-C-2291). On March 31, 1982, the district court sustained the motion and fixed attorney fees at one-third of Farm Bureau's lien recovery. Farm Bureau's action against Christopher Goss (No. 82-C-0524) was dismissed on May 28, 1982, on the basis that full settlement of the claim had been reached in the prior case. Farm Bureau appeals from the attorney fees award in case No. 81-C-2291 and from the dismissal of case No. 82-C-0524.

Four issues are raised on appeal.

For its first issue Farm Bureau contends that inasmuch as it was not a party to the first action (No. 81-C-2291) the district court lacked jurisdiction to award attorney fees against it. This contention wholly ignores the provisions of K.S.A. 40-3113a.

K.S.A. 40-3113a(*b*) provides:

"In the event of recovery from such tortfeasor by the injured person . . . by judgment, *settlement* or otherwise, the *insurer* . . . shall be *subrogated* to the extent of duplicative personal injury protection benefits provided . . . and *shall have a lien* therefor *against such recovery* and the insurer . . . may intervene in any action to protect and enforce such lien." (Emphasis supplied.)

K.S.A. 40-3113a(*c*) authorizes the insurer under certain circumstances to commence an action against the tortfeasor in the name of insurer or the insured as their interest may appear.

K.S.A. 40-3113a(*e*) provides:

"Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the insurer or self-insurer and the injured person, his or her dependents or personal representatives in the amounts determined by the court."

K.S.A. 40-3113a(*e*) directs the district court to fix proportional attorney fees between the insurer and the injured party when a recovery is made. The statute does not limit jurisdiction to make such determination to actions where the insurer is a named party. Farm Bureau's argument would permit any insurer to defeat the clear legislative intent of the statute by simply not formally intervening in any action brought by the injured party against the tortfeasor. See *Johnston & Johnston, P.A., v. Gulf Ins. Co.*, 8 Kan. App. 2d 401, Syl. ¶ 2, 659 P.2d 249 (1983).

This issue is wholly devoid of merit.

In its second issue Farm Bureau contends the district court was without jurisdiction to fix attorney fees by virtue of the prior dismissal of Ms. Potts' action against Christopher and Imogene Goss upon settlement. K.S.A. 40-3113a(*b*) grants a lien to an insurer who has paid PIP benefits to an injured party on any judgment or settlement obtained by the injured party against the tortfeasor involving duplicative recovery. After such recovery has been made the trial court is mandated by K.S.A. 40-3113a(*e*) to fix proportional attorney fees between insurer and the injured party. Such proceeding is obviously of no concern to the tortfea-

sor and is inherently a post-judgment intramural matter involving only the injured party and the insurer from whom he or she has received PIP benefits. K.S.A. 40-3113a clearly grants jurisdiction to the court to determine the matter. No reasonable basis for requiring this to be done in a separate action has been asserted by Farm Bureau.

This issue also lacks merit.

Farm Bureau's third issue is even more implausible. Farm Bureau contends the failure of Ms. Potts to obtain service upon Christopher Goss within 18 months of the accident rendered her legally incapable of entering into a settlement with the Goss insurer. In making this assertion, Farm Bureau relies on K.S.A. 40-3113a(c) and K.S.A. 60-203. Said statutes provide, in relevant part, as follows:

40-3113a(c). "In the event an injured person . . . fails to commence an action against such tortfeasor within eighteen (18) months after the date of the accident resulting in the injury, such failure shall operate as an assignment to the insurer or self-insurer of any cause of action in tort which the injured person . . . may have against such tortfeasor for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. Such insurer . . . may enforce same in his or her own name or in the name of the injured person . . . for their benefit as their interest may appear by proper action in any court of competent jurisdiction." (Emphasis supplied.)

"60-203. **Commencement of action.** A civil action is commenced by filing a petition with the clerk of the court, provided service of process is obtained or the first publication is made for service by publication, within ninety (90) days after the petition is filed; otherwise the action is deemed commenced at the time of service of process or first publication. An entry of appearance shall have the same effect as service."

## Specifically, Farm Bureau contends:

"When Potts failed to obtain service of process over Christopher Goss within ninety (90) days after filing her Petition, she failed to 'to commence an action' within eighteen (18) months after the accident as those terms are used in K.S.A. 40-3113a. Her failure to commence her action within eighteen (18) months after the day of accident operated as an assignment to the P.I.P. carrier (Farm Bureau) of the cause of action Ms. Potts had against Christopher Goss to the extent of recovery of damages to the amount duplicating the P.I.P. benefits paid. The Trial Court held that plaintiff [Ms. Potts] could pursue this claim even after the assignment, and appellant feels that is clearly error."

Imogene and Christopher Goss were the named defendants. The Goss vehicle was insured by one Farmers Insurance policy. Ms. Potts' action reached one defendant and the all-important

insurance carrier. The proposition that Ms. Potts, by operation of law, assigned to Farm Bureau part of her cause of action during the pendency of litigation upon the passage of 18 months after the accident, simply by being unable to serve one of the defendants, is patently absurd and deserves no further attention. It should also be noted that Farm Bureau did not contend there was an assignment until five months after the alleged statutory assignment had occurred and after full recovery of Farm Bureau's lien had been made but rejected by Farm Bureau.

In any event, Farm Bureau could not have prevailed in its action against the tortfeasor as, at most, it stood in the shoes of Ms. Potts, who had already released the tortfeasor. See *Shelman v. Western Casualty & Surety Co.*, 1 Kan. App. 2d 44, Syl. ¶ 5, 562 P.2d 453, *rev. denied* 225 Kan. 845 (1977).

The trial court did not err in dismissing Farm Bureau's action against Christopher Goss (No. 82-C-0524).

For its fourth and final issue Farm Bureau contends the trial court erred in holding Ms. Potts' attorney was entitled to a fee of one-third of its $8,861.46 lien. Farm Bureau does not contend the amount was unreasonable, rather it argues no fee was warranted. In support of its position, Farm Bureau makes broad, unsubstantiated claims of deceit and conflict of interest on the part of Ms. Potts' attorney. In fixing the attorney fees the trial court was simply carrying out the mandate of K.S.A. 40-3113a(*e*). We find no error in the trial court's determination relative to attorney fees.

Before concluding, we shall consider Ms. Potts' Motion for Assessment of Costs and Fees Pursuant to Rule No. 7.07(b) filed in this appeal.

Supreme Court Rule 7.07(b) provides:

"FRIVOLOUS APPEALS. If the court finds that an appeal has been taken frivolously, or only for purposes of harassment or delay, it may assess against an appellant or his counsel, or both, the cost of reproduction of the appellee's brief and a reasonable attorney's fee for the appellee's counsel. The mandate shall then include a statement of any such assessment, and execution may issue thereon as for any other judgment, or in an original case the clerk of the appellate courts may cause an execution to issue." 230 Kan. lxii.

We find this appeal is frivolous in its entirety and sustain the motion. Appellant Farm Bureau turned up its corporate nose when full recovery of its lien was had and elected to bring this appeal in a legally baseless effort to avoid payment of its statu-

torily mandated fair share of the cost of the recovery. Attorney fees in the amount of $1,000 and the cost of the Potts brief are hereby assessed against Farm Bureau and ordered paid to Ms. Potts' attorney. The Clerk of the Appellate Courts is directed to include in the mandate issued herein a statement of such assessment.

The judgments herein are affirmed.