(661 P.2d 402)
No. 54,212

VERDA V. HALL, *Appellee,* v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Appellant.*

Opinion filed March 31, 1983.

*Jerry G. Elliott,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, for the appellant.

*Donna L. Whiteman,* of Schmidt & Langley, Chartered, of Hutchinson, for the appellee.

*Michael J. Dutton,* special assistant attorney general, for *amicus curiae* Fletcher Bell, Commissioner of Insurance.

Before FOTH, C.J., SPENCER and SWINEHART, JJ.

SWINEHART, J.: This is an appeal by defendant State Farm Mutual Automobile Insurance Company from a judgment in a declaratory judgment action brought by plaintiff Verda V. Hall, its insured, seeking to limit to $2,000 defendant's right to subrogation of personal injury protection medical benefits.

The basic facts are undisputed. Defendant State Farm insured plaintiff's 1979 LeSabre automobile. Defendant offered six different levels of PIP coverage in its policy, as set out below:

### SECTION II—PERSONAL INJURY PROTECTION COVERAGE
### INSURING AGREEMENTS

#### SCHEDULE

The applicable set of limits is indicated by the coverage designation shown in the declarations.

| Coverage Designation | P1 | P2 | P3 | P4 | P5 | P6 |
|---|---|---|---|---|---|---|
| Medical Benefits—per *person* | $2,000 | $2,500 | $5,000 | $5,000 | $7,000 | $25,000 |
| Disability Benefits | | | | | | |
|   Amount per Month Maximum | $650 | $650 | $650 | $1,500 | $650 | $1,500 |
|   Period of Time (Years) Maximum | 1 | 1 | 1 | 3 | 1 | 3 |
| Substitution Benefits | | | | | | |
|   Amount per Day Maximum | $12 | $12 | $12 | $12 | $12 | $12 |
|   Period of Time (Days) Maximum | 365 | 365 | 365 | 365 | 365 | 365 |
| Funeral Benefits—per *person* | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 |
| Rehabilitation Benefits—per *person* | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 |
| Survivors Benefits | | | | | | |
|   Monthly Earnings—per month Maximum | $650 | $650 | $650 | $650 | $650 | $650 |
|   Period of Time*(Years) Maximum | 1 | 1 | 1 | 1 | 1 | 1 |
|   Daily Substitution Benefits—per day Maximum | $12 | $12 | $12 | $12 | $12 | $12 |
|   Period of Time*(Days) Maximum | 365 | 365 | 365 | 365 | 365 | 365 |

*(less number of months the *eligible injured person* received *disability benefits* prior to his or her death).

All levels of coverage were in accordance with the Kansas Automobile Injury Reparations Act (KAIRA), K.S.A. 40-3101 *et seq.* Plaintiff contracted for "P6" coverage and accordingly could receive up to $25,000 in medical benefits.

The parties' insurance policy contained the following provisions:

"To pay, in accordance with the Kansas Automobile Injury Reparations Acts and all Acts amendatory or supplemental thereto, to each *eligible injured person,* or his or her *survivors,* personal injury protection benefits consisting of:

"(a) *medical benefits,*
"(b) *disability benefits,*
"(c) *substitution benefits,*
"(d) *funeral benefits,*
"(e) *rehabilitation benefits,* and
"(f) *survivor's benefits*

with respect to *bodily injury* caused by accident and arising out of the ownership, maintenance or use of a *motor vehicle*."

**"3. Our Right to Recover our Payments:**

. . . .

"b. Under no-fault coverage and subject to the *No-Fault Act:*

"(1) If the *insured* recovers damages from the party liable that duplicate no-fault benefits:

"(a) after we have paid benefits, the *insured* shall repay us the amount duplicated; or

"(b) before we pay benefits, we will reduce the amount we owe by the amount of the duplication."

On March 3, 1980, plaintiff was injured in an automobile collision. In accordance with the PIP provisions of its insurance contract, defendant State Farm paid plaintiff $3,144.83 in medical benefits. Plaintiff then settled her claim against the driver of the other vehicle for an amount which, it is agreed, included $3,144.83 in medical expenses, and offered State Farm $2,000 as repayment for the duplicated medical benefits. State Farm asserted it was entitled to recover the entire $3,144.83 it paid as medical benefits.

Plaintiff brought this declaratory judgment action to determine the extent of State Farm's subrogation right under K.S.A. 40-3113a. The settlement check was placed in escrow and both parties moved for summary judgment. The trial court ruled in favor of plaintiff, holding that defendant's subrogation right for medical benefits was limited to $2,000.

Defendant appeals and the Kansas Commissioner of Insurance has filed an *amicus curiae* brief. The sole issue on review is whether a personal injury protection insurer has a statutory right of subrogation for all medical benefits it paid to its insured, or whether its subrogation rights are limited to $2,000, which is the minimum amount of medical benefits coverage required to be provided in a motor vehicle liability policy pursuant to KAIRA. A matter encompassed within this issue is whether medical benefits in excess of $2,000 can properly be considered PIP benefits as defined by K.S.A. 40-3103($q$). This issue appears to be of first impression in Kansas.

The extent of an insurer's subrogation right generally depends upon the language found in both the applicable statute and the controlling insurance policy. See, *e.g., Tillotson v. State Farm Mut. Auto. Ins. Co.,* 268 S.C. 248, 233 S.E.2d 295 (1977); *Scinta v. Kazmierczak,* 59 App. Div. 2d 313, 399 N.Y.S.2d 545 (1977).

In *Arduser v. Daniel International Corp.*, 7 Kan. App. 2d 225, Syl. ¶ 1, 640 P.2d 329, *rev. denied* 231 Kan. 799 (1982), this court set out the general rule for construing statutes:

"The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statutes. Legislative intent is to be determined by a general consideration of the entire act. Effect should be given, if possible, to the entire statute and every part thereof. To this end it is the duty of the court, so far as is practicable, to reconcile the different provisions so as to make them consistent, harmonious and sensible. Where a statute is plain and unambiguous, this court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. Where various provisions of an act conflict, this court should attempt to reconcile such provisions in order to make them harmonious and sensible."

The Kansas Automobile Injury Reparations Act, K.S.A. 40-3101 *et seq.*, requires first party coverage for all motor vehicles registered in Kansas. K.S.A. 40-3107 provides:

"Every policy of motor vehicle liability insurance issued by an insurer to an owner residing in this state *shall:*

. . . .

"*(f) include personal injury protection benefits to the named insured*, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a motor vehicle, *not exceeding the limits prescribed for each of such benefits, for loss sustained by any such person as a result of injury.*" (Emphasis supplied.)

The purpose of the act is set out in K.S.A. 40-3102:

"The purpose of this act is to provide a means of compensating persons promptly for accidental bodily injury arising out of the ownership, operation, maintenance or use of motor vehicles in lieu of liability for damages to the extent provided herein."

To prevent double recovery when an injured person recovers from a tortfeasor by judgment, settlement or otherwise, the act provides that "the insurer or self-insurer shall be subrogated *to the extent of duplicative personal injury protection benefits provided . . . .*" K.S.A. 40-3113a(*b*). (Emphasis supplied.)

K.S.A. 40-3103(*q*) defines personal injury protection benefits:

" 'Personal injury protection benefits' means the disability benefits, funeral benefits, *medical benefits,* rehabilitation benefits, substitution benefits and survivors' benefits *required to be provided in motor vehicle liability insurance policies pursuant to this act.*" (Emphasis supplied.)

K.S.A. 40-3103(*k*) defines medical benefits:

" 'Medical benefits' shall mean and include allowances for all reasonable expenses, up to a limit of not less than two thousand dollars ($2,000), for necessary health care rendered by practitioners licensed by the board of healing arts, surgical, x-ray and dental services, including prosthetic devices and necessary ambulance, hospital and nursing services; and such term also shall include allowances for services recognized and permitted under the laws of this state for an injured person who relies upon spiritual means through prayer alone for healing in accordance with his or her religious beliefs."

An insurance policy must therefore provide at least $2,000 in medical benefits and may provide more. The insurance policy here under consideration provided for $25,000 in medical benefits.

The critical issue presented to this court is the construction of the subrogation provisions found in K.S.A. 40-3113a(b). The parties disagree as to what is encompassed within the statute's reference to "personal injury protection benefits." Plaintiff and the Insurance Commissioner contend that the definition of PIP benefits found in K.S.A. 40-3103(q) is restricted to only the medical benefits actually required to be included in an insurance policy as outlined in K.S.A. 40-3103(k). Anything beyond the minimum $2,000 requirement should not, they argue, be included within the definition of PIP benefits and consequently should not be subject to the subrogation provisions of K.S.A. 40-3113a(b). They further argue that their proposed construction is consistent with the general scheme of KAIRA. They contend that the fundamental purpose of KAIRA is to provide prompt compensation to the injured rather than to make the insurer whole. They conclude that, by its terms, K.S.A. 40-3113a(b) prevents double recovery only of PIP benefits.

Defendant State Farm contends that the language "required to be provided" in K.S.A. 40-3103(q), defining PIP benefits, refers to the six different *kinds* of benefits established in KAIRA rather than the amount of benefits required. Consequently, defendant argues that the medical benefits in excess of the $2,000 minimum provided for in K.S.A. 40-3103(k) are PIP benefits as defined within K.S.A. 40-3103(q) and are subject to the right of subrogation under K.S.A. 40-3113a(b).

The plaintiff contends that the apparent ambiguity must be resolved in favor of the insured, citing *Howard v. Farmers Ins. Co.*, 5 Kan. App. 2d 499, 619 P.2d 160 (1980), *rev. denied* 229 Kan. 670 (1981). We find *Howard* to be inapplicable since it

involved an ambiguous clause in an insurance policy rather than an ambiguous statute. Ambiguity in the policy was resolved in the insured's favor so that the policy complied with the statute. In the present case the sole issue is the meaning of the statute, not the meaning of the policy.

When a statute is ambiguous, the court may look to legislative history for evidence of the intent of the legislature. See *State v. Bagemehl,* 213 Kan. 210, 213, 515 P.2d 1104 (1973). Plaintiff has cited the minutes of the House Committee on the Judiciary meeting of April 5, 1982, concerning H.B. 3154. This bill proposes to expressly limit an insurer's subrogation right to the $2,000 minimum. The bill has not been enacted into law. The minutes do indicate that the committee believes that the present version of K.S.A. 40-3113a(*b*) already limits the right of subrogation, but needs clarification. In our view, the interpretation of a House Committee in 1982 of the intent of the entire legislature in 1977, when K.S.A. 40-3113a was enacted, carries little weight. See *Hand v. State Farm Mut. Auto. Ins. Co.,* 2 Kan. App. 2d 253, 257, 577 P.2d 1202, *rev. denied* 225 Kan. 844 (1978). Statements of legislators years after the event are not valid legislative history.

In his brief, the Insurance Commissioner argues that it has been the interpretation of the Department of Insurance that an insurer's right of subrogation is limited to the statutory minimum. When a statute is ambiguous, the interpretation of the appropriate administrative agency will be given some weight by the courts. An agency's interpretation is, however, far from conclusive. *Bill George Chrysler-Plymouth, Inc. v. Carlton,* 216 Kan. 365, Syl. ¶ 2, 532 P.2d 1351 (1975).

K.S.A. 40-3119 authorizes the Insurance Commissioner to adopt rules and regulations necessary to enforce KAIRA. The Commissioner's general powers include the power to approve and disapprove insurance rates. K.S.A. 40-1113. Rates must be based on the insurer's exposure to loss. K.S.A. 40-1112. The Commissioner argues that his approval of insurance rates has been based on an interpretation of KAIRA that limits the right of subrogation to $2,000. State Farm contends that its rates are not based on that interpretation. The record on appeal contains no evidence to support either party's position.

Plaintiff has cited two insurance department bulletins for

support. The bulletins do not show the Insurance Commissioner's interpretation of the extent of an insurer's right of subrogation. They instead show only that the Insurance Commissioner encouraged coverage beyond the statutory minimum.

Although the House Committee minutes cited do indicate that the Insurance Commissioner has interpreted the statute to limit the right of subrogation, statutory construction is ultimately a question of law for the courts. *State ex rel. Crawford v. Centerville Grain Co.*, 5 Kan. App. 2d 451, 456, 618 P.2d 1206 (1980). If the agency's construction is incorrect, the courts will not follow it.

We note that the Insurance Commissioner has raised the issue of whether there is a right of subrogation beyond that provided for in K.S.A. 40-3113a($b$). We find that this issue has been improperly raised. The sole issue raised by the parties in this declaratory judgment action is whether KAIRA grants an insurer the right of subrogation of medical benefits in excess of $2,000. An *amicus curiae* brief cannot raise issues that were not presented before the trial court. *George v. Bolen-Williams, Realtors*, 2 Kan. App. 2d 385, 394, 580 P.2d 1357 (1978); *In re Estate of Shields*, 1 Kan. App. 2d 688, 694, 574 P.2d 229 (1977), *aff'd* 224 Kan. 604, 584 P.2d 139 (1978).

Both plaintiff and the Insurance Commissioner contend that K.A.R. 40-1-20 prohibits subrogation of medical benefits in excess of $2,000. The regulation provides:

"All insurance companies are prohibited from issuing contracts of insurance in Kansas containing a 'subrogation' clause applicable to coverages providing for reimbursement of medical, surgical, hospital or funeral expenses."

Defendant argues that the regulation is void. This court need not address this argument. The sole issue raised is whether under KAIRA the defendant has a right of subrogation to medical benefits in excess of $2,000. To the extent that KAIRA allows subrogation, the regulation is invalid. A regulation cannot contravene a controlling statute. *Cray v. Kennedy*, 230 Kan. 663, 676, 640 P.2d 1219 (1982).

After careful consideration of the parties' arguments, the *amicus curiae* brief submitted by the Insurance Commissioner, and the record on appeal, we conclude that the statutory interpretation advanced by defendant State Farm is correct. The purpose of K.S.A. 40-3113a($b$) is to prevent double recovery. *Russell v. Mackey*, 225 Kan. 588, 592-93, 592 P.2d 902 (1979).

Limiting the right of subrogation would permit double recovery of benefits paid beyond the statutory minimum. We find that limiting the right of subrogation would be inconsistent with the general scheme of KAIRA. K.S.A. 40-3120 provides:

"Nothing in this act shall be construed as prohibiting or discouraging reasonable competition or the availability of motor vehicle liability insurance policies containing coverage exceeding that required to comply with K.S.A. 40-3118."

Under KAIRA, the parties may contract for PIP medical benefits in excess of the statutory minimum. We hold that PIP medical benefits in excess of the $2,000 minimum are benefits to which an insurer has a right of subrogation under K.S.A. 40-3113a(b).

Reversed.