(815 P.2d 120)

No. 65,995

ALEXANDRA M. BARDWELL, individually and as parent and natural guardian of MICHAEL S. BARDWELL, *Appellee/Cross-Appellant,* v. CARL R. KESTER, ARTHUR D. GATLIN, JR., and FARMERS INSURANCE COMPANY, INC., *Appellants/Cross-Appellees.*

Opinion filed July 12, 1991.

*William T. Fitzgerald, Gregory W. Bruning,* and *Catherine R. Hutson,* of Niewald, Waldeck & Brown, of Overland Park, for appellants/cross-appellees.

*Donald T. Taylor,* of Robb & Taylor, of Kansas City, for appellee/cross-appellant.

Before LEWIS, P.J., BRAZIL and GERNON, JJ.

GERNON, J.: Farmers Insurance Company, Inc. (Farmers) appeals the award of attorney fees to the attorney for Alexandra M. Bardwell. Bardwell cross-appeals the district court's holding that Farmers was not required to pay a judgment of $8,213.37 entered against it. Farmers was allowed to set off previously paid personal injury protection benefits (PIP) against the judgment due to a policy exclusion.

Highly summarized, the facts center on an automobile collision in which Michael S. Bardwell, a minor, was injured. Michael was a passenger in an automobile driven by Arthur Gatlin. Gatlin's automobile was struck by an automobile driven by Carl Kester. Kester was intoxicated and was driving the wrong way on a divided highway. Michael was hospitalized with injuries he received in the collision.

Farmers paid Michael $8,213.37 in PIP benefits as a covered family member under a Farmers policy issued to Michael's father.

Alexandra Bardwell, on behalf of her minor son, filed suit, naming Kester, Gatlin, and Farmers as defendants. Farmers, which also insured Gatlin, was named under the underinsured motorist coverage provisions in Michael's father's policy.

In a friendly suit, Bardwell agreed to settle for $38,213.37. Bardwell settled with Gatlin for $5,000, with Kester for $25,000, and with Farmers for $8,213.37. The settlement with Kester was for the upper limit of his policy.

Bardwell's attorney then moved for attorney fees pursuant to K.S.A. 1990 Supp. 40-3113a(e). The trial court awarded attorney fees in the amount of $2,737.79, which was $\frac{1}{3}$ of the $8,213.37 judgment against Farmers. The court also ruled that Farmers was not required to pay the judgment entered against it.

Farmers appeals the attorney fees ruling, and Bardwell appeals the ruling that Farmers was not required to pay the judgment amount. We affirm the ruling concerning payment of judgment, but reverse the attorney fees holding.

### Payment of Judgment

Our ruling regarding the payment of the judgment is based upon our reading of the insurance policy involved and the uninsured motorist statute.

The Farmers policy in question contained an endorsement provision identified as 90-0404, 8-88ᵗʰ 1st Edition, which provided in pertinent part:

"Under Part II—Uninsured Motorist, Other Insurance, Item 5 is added as follows:

"5. Any amount payable under the coverage shall be reduced by all sums payable for the same damages under any Personal Injury Protection."

K.S.A. 1990 Supp. 40-284(e) sets forth a limited number of exclusions and limitations which insurance carriers are authorized to include as uninsured/underinsured policy provisions. Unauthorized policy provisions which seek to condition, limit, or dilute unqualified underinsured motorist coverage are void and unenforceable. See *Stewart v. Capps*, 247 Kan. 549, 555-56, 802 P.2d 1226 (1990). Farmers submits that the setoff provision in its endorsement was authorized by K.S.A. 1990 Supp. 40-284(e)(6), which states: "Any insurer may provide for the exclusion or limitation of coverage: . . . (6) to the extent that personal injury protection benefits apply."

Bardwell does not contend that the contract setoff provision was not authorized. Rather, she asserts that the setoff provision did not apply because of its specific language. Bardwell asserts that the provision is an exclusion which was prepared by the insurer and must be strictly construed against Farmers. Further, Bardwell maintains that the contract only allows for a setoff of PIP benefits which are "payable." Bardwell argues that, since the PIP benefits here had already been paid, they were not "payable" within the strict meaning of the language and the setoff provision did not apply. We must, therefore, look to the policy to see if any ambiguity exists.

"The general rule that insurance policies are to be construed in favor of the insured and against the insurance company arises only if there exists a rational basis for construing the policy itself. That is, the contract must contain provisions or language of doubtful, ambiguous or conflicting meaning, as gathered from a natural interpretation of its language. [Citations omitted.]' " *Anderson v. Nationwide Life Ins. Co.*, 6 Kan. App. 2d 163, 165, 627 P.2d 344, *rev. denied* 229 Kan. 669 (1981).

If, after examining the entire policy, there is no uncertainty about its meaning, the policy must be enforced as written. *Penalosa Co-op Exchange v. Farmland Mut. Ins. Co.*, 14 Kan. App.

2d 321, 323, 789 P.2d 1196 (1990). In undertaking the analysis to determine if ambiguity exists, the test is not what the insurer intends the words of the policy to mean but what a reasonable person in the position of the insured would have understood them to mean. *Anderson,* 6 Kan. App. 2d at 166.

"Payable" is defined in Black's Law Dictionary 1128 (6th ed. rev. 1990) as:

"Capable of being paid; suitable to be paid; admitting or demanding payment; justly due; legally enforceable. A sum of money is said to be payable when a person is under an obligation to pay it. Payable may therefore signify an obligation to pay at a future time, but, when used without qualification, term normally means that the debt is payable at once, as opposed to 'owing.' "

Two other statutory provisions must be considered in order to bring this issue into focus. (1) Under K.S.A. 40-3110(b), PIP benefits are overdue if not paid within 30 days of notice of a covered loss. In the real world, there would seldom be any substantial amount still "payable" at the time a judgment is entered. (2) K.S.A. 1990 Supp. 40-284(e)(6) does not distinguish between paid and payable. Rather, this statute, which authorizes the contract provision here, allows a setoff when PIP benefits "apply."

The construction and effect of insurance contracts are questions of law to be determined by the court. *Farm Bureau Mut. Ins. Co. v. Horinek,* 233 Kan. 175, 177, 660 P.2d 1374 (1983). The rules of construction favoring the insured are merely rules to aid in determining the intent of the parties. *Penalosa Co-op,* 14 Kan. App. 2d at 324. The court, in determining the intent of the parties, must also favor reasonable rather than unreasonable interpretations and avoid results which vitiate the purpose or reduce the terms of the contract. *Horinek,* 233 Kan. at 180.

We find, as did the trial court, that the only reasonable construction of the language in question is that the parties intended to reduce underinsured motorist coverage benefits by the amount of all benefits that eventually became payable prior to judgment. To hold otherwise would be to allow a duplication of payments.

## Attorney Fees

The court relied on K.S.A. 1990 Supp. 40-3113a as the statutory authority for the award of attorney fees against Farmers.

K.S.A. 1990 Supp. 40-3113a(a) provides that, when a tortfeasor causes an injury for which PIP benefits are payable, the injured party has the right to pursue a cause of action against the tortfeasor. K.S.A. 1990 Supp. 40-3113a(b) acts to subrogate the PIP insurer to any damages recovered from the tortfeasor "to the extent of duplicative personal injury protection benefits provided to date of such recovery" and creates an automatic lien on the recovered damages. "The purpose of K.S.A. 40-3113a(b) is to prevent double recovery." *Hall v. State Farm Mut. Auto. Ins. Co.*, 8 Kan. App. 2d 475, 481, 661 P.2d 402, *rev. denied* 233 Kan. 1091 (1983).

The previous statute, K.S.A. 40-3113 (Weeks), contained no provision providing for attorney fees. In *Easom v. Farmers Insurance Co.*, 221 Kan. 415, 560 P.2d 117 (1977), the Supreme Court found that, under K.S.A. 40-3113, the PIP carrier was entitled to full reimbursement out of the insureds' recovery, for all PIP benefits paid, *without reduction for any part of the attorney fees.* "The effect of *Easom* was to give the PIP carrier a free ride whenever the insured proceeded against a third party." *Nitchals v. Williams*, 225 Kan. 285, 288, 590 P.2d 582 (1979).

In response to the court's interpretation of K.S.A. 40-3113 in *Easom*, the 1977 legislature repealed K.S.A. 1975 Supp. 40-3113 and, in its place, enacted K.S.A. 1977 Supp. 40-3113a. *Nitchals v. Williams*, 225 Kan. at 287-88. A subsection of the new statute, now K.S.A. 1990 Supp. 3113a(e), was established to require the PIP insurer to pay a proportionate share of the attorney fees incurred by the insured in obtaining a judgment or settlement against a third-party tortfeasor. See *Nitchals*, 225 Kan. at 289.

K.S.A. 1990 Supp. 40-3113a(e) provides: "Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the insurer or self-insurer and the injured person, such person's dependents or personal representatives in the amounts determined by the court."

Farmers contends the $8,213.37 judgment, out of which the award of attorney fees was made, involved a strictly contractual obligation between Farmers and the Bardwells. Farmers argues this obligation was not based on a judgment against either tortfeasor and did not involve a subrogation lien against any judg-

ment, so K.S.A. 1990 Supp. 40-3113a never came into play. We agree.

The trial court concluded that the contract provision allowing Farmers a setoff to the extent of PIP benefits already paid was the same as subrogation and, therefore, subject to the attorney fee provisions of K.S.A. 1990 Supp. 40-3113a.

Black's Law Dictionary 1427 (6th ed. rev. 1990) defines "subrogation" as "[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities."

The insurer may recover PIP benefits it has paid the insured, out of any judgment the insured obtains against the tortfeasor under K.S.A. 1990 Supp. 40-3113a. That statute simply does not apply to the facts here. The setoff here arose under the terms of the contract and not by a subrogation lien. We find no right of subrogation in the contract.

Here, the judgment against Farmers was not a judgment against a tortfeasor. The setoff of PIP benefits was wholly between the insurer and the insured. No subrogation was involved. Therefore, the provisions of K.S.A. 1990 Supp. 40-3113a should never have been considered as applicable.

Whether Farmers might have an enforceable subrogation lien against Bardwell's recovery from the tortfeasors and, therefore, be entitled to attorney fees pursuant to K.S.A. 1990 Supp. 40-3113a(e) has not been raised directly, but might be suggested by the facts and our reading of the applicable statute.

We find that the court erred in assessing attorney fees under these facts.

Affirmed in part and reversed in part.