(908 P.2d 641)

No. 73,123

MACHELLE LYNN JACKSON, BY AND THROUGH HER NEXT FRIEND AND NATURAL GUARDIAN, DIANNE R. WARREN, *Appellee,* v. SHANE C. BROWNING, *Appellant,* and BRAD O. HELBERG, *Defendant.*

Opinion filed December 22, 1995.

*John G. Atherton,* of Atherton & Atherton, of Emporia, for appellant.

*Thomas A. Krueger,* of Krueger & Larson, of Emporia, and *Diane F. Barger,* of Emporia, for appellee.

Before ELLIOTT, P.J., MARQUARDT, J., and DAVID PRAGER, Chief Justice Retired, assigned.

MARQUARDT, J.: Shane C. Browning's insurer, Shelter Insurance Company (Shelter), paid Machelle Lynn Jackson personal injury protection (PIP) medical benefits and, later, a negligence judgment. PIP benefits were reimbursed to Shelter from the judgment it paid Jackson. The district court granted Jackson a portion of her attorney fees from the PIP benefits reimbursed to Shelter. Shelter appealed this ruling. We affirm.

The facts relevant to this appeal are not disputed. On May 17, 1991, Machelle Lynn Jackson was a passenger on a motorcycle driven by Brad O. Helberg when it collided with a car driven by Shane C. Browning. Jackson sustained injuries, including a broken leg and lacerations. Jackson, born on December 13, 1976, was a minor at the time of the accident.

Helberg did not have PIP insurance coverage for medical benefits. Jackson's mother applied to Shelter, Browning's insurance carrier, for PIP benefits. Shelter paid Jackson $4,500 in PIP benefits.

On August 31, 1992, Jackson filed a negligence suit against Browning. Later, Jackson added Helberg as a defendant. Shelter's attorney defended on behalf of Browning.

The jury found Browning 95 percent at fault and Helberg 5 percent at fault. The jury awarded damages in the amount of

$58,312.11, which included past medical expenses of $9,812.11 and future medical expenses of $10,000.

On August 4, 1994, Shelter paid Browning's share of the judgment, interest, and costs totalling $56,747.74 to the clerk of the district court. On the same day, Shelter filed a motion and a lien pursuant to K.S.A. 40-3101 *et seq.*, claiming that Shelter was owed "reimbursement" from Jackson for the $4,500 of PIP benefits paid by Shelter to Jackson.

Jackson's attorneys agreed that Shelter was entitled to recover the PIP benefits but requested that attorney fees be subtracted from the $4,500 based on a 40 percent contingent fee contract they had with Jackson.

The district court applied K.S.A. 40-3113a(b) and (e) to these claims, holding that Shelter was entitled to recovery of the PIP benefits and Jackson should recover 40 percent of the $4,500 for her attorney fees.

The sole question on appeal is whether K.S.A. 40-3113a(e) authorizes a district court to apportion an injured party's attorney fees from PIP benefits that have been paid by the tortfeasor's insurer.

Shelter maintains that it is entitled to "reimbursement" of the PIP benefits paid for the benefit of Jackson; however, it argues that the right of subrogation created by K.S.A. 40-3113a(b) and the accompanying apportionment of attorney fees created by K.S.A. 40-3113a(e) do not apply.

Jackson maintains that Shelter had a right of subrogation under K.S.A. 40-3113a(b), and because of the subrogation is liable for a portion of Jackson's attorney fees under K.S.A. 40-3113a(e). This precise issue has not been addressed previously by any reported decision of the Kansas appellate courts.

## A. *Standard of Review*

Interpretation of a statute is a question of law which is reviewed de novo. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, 283, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995); see *Foveaux v. Smith*, 17 Kan. App. 2d 685, 689, 843 P.2d 283 (1992) (construing 40-3113a[c]). The parties agree that this appeal raises a question

of law and this court is not bound by the decision of the district court. See *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

This court has noted, however, that under K.S.A. 40-3113a(e), "[s]etting *the amount* of attorney fees is a matter addressed to the trial court's discretion. See *Ballweg v. Farmers Ins. Co.*, 228 Kan. 506, 512, 618 P.2d 1171 (1980). Discretion is abused when no reasonable person would agree with the trial court. [Citation omitted.]" (Emphasis added.) *Foveaux*, 17 Kan. App. 2d at 696.

If Shelter were contesting the amount of the award, the abuse of discretion standard clearly would apply. Because Shelter is contesting whether there should be any award of attorney fees, the issue requires interpretation of K.S.A. 40-3113a, and the standard of review is de novo.

## B. *Interpretation of K.S.A. 40-3113a*

K.S.A. 40-3113a provides:

"(a) When the injury for which personal injury protection benefits are payable under this act is caused under circumstances creating a legal liability against a tortfeasor pursuant to K.S.A. 40-3117 or the law of the appropriate jurisdiction, the injured person, such person's dependents or personal representatives shall have the right to pursue such person's remedy by proper action in a court of competent jurisdiction against such tortfeasor.

"(b) In the event of recovery from such tortfeasor by the injured person, such person's dependents or personal representatives by judgment, settlement or otherwise, the insurer or self-insurer shall be subrogated to the extent of duplicative personal injury protection benefits provided to date of such recovery and shall have a lien therefor against such recovery and the insurer or self-insurer may intervene in any action to protect and enforce such lien. Whenever any judgment in any such action, settlement or recovery otherwise shall be recovered by the injured person, such person's dependents or personal representatives prior to the completion of personal injury protection benefits, the amount of such judgment, settlement or recovery otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of such personal injury protection benefits.

. . . .

"(e) Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the insurer or self-insurer and the injured person, such person's dependents or personal representatives in the amounts determined by the court."

In *Potts v. Goss*, 233 Kan. 116, 118-19, 660 P.2d 555 (1983), the court paraphrased and discussed the subsections of the statute relevant to the instant action:

"K.S.A. 40-3113a(b) grants a lien to an insurer who has paid PIP benefits to an injured party on any judgment or settlement obtained by the injured party against the tortfeasor involving duplicative recovery. After such recovery has been made the trial court is mandated by K.S.A. 40-3113a(e) to fix proportional attorney fees between insurer and the injured party. Such proceeding is obviously of no concern to the tortfeasor and is inherently a post-judgment intramural matter involving only the injured party and the insurer from whom he or she has received PIP benefits."

Under K.S.A. 40-3113a, injured parties have looked to their own insurance company for payment of PIP benefits. See *Farmers Ins. Co. v. Farm Bureau Mut. Ins. Co.*, 227 Kan. 533, 536, 608 P.2d 923 (1980). The more typical coverage envisioned by K.S.A. 40-3113a is a situation where the injured party's insurance company has paid PIP benefits to the injured party, and the injured party later recovers against the tortfeasor. K.S.A. 40-3113a(b) gives the insurer a right of subrogation and a lien to the extent that the injured party's recovery against the tortfeasor is duplicative of the PIP benefits paid. " 'The purpose of K.S.A. 40-3113a(b) is to prevent double recovery.' [Citation omitted.]" *Bardwell v. Kester*, 15 Kan. App. 2d 679, 683, 815 P.2d 120 (1991). However, this is not the only factual situation covered by the statute.

One basic purpose of the no-fault insurance law is "to make [PIP] insurance mandatory by requiring every owner of a motor vehicle to obtain first party coverage of PIP benefits payable by his own insurance company regardless of fault." *Easom v. Farmers Insurance Co.*, 221 Kan. 415, Syl. ¶ 1, 560 P.2d 117 (1977). The mandatory PIP coverage serves the overall purpose of the Act "to provide a means of compensating persons promptly for accidental bodily injury arising out of the ownership, operation, maintenance or use of motor vehicles in lieu of liability for damages to the extent provided [by the Act]." K.S.A. 40-3102.

K.S.A. 40-3113a(e) entitles the injured party to attorney fees out of the duplicative PIP benefits repaid to the PIP carrier. See, *e.g.*, *Johnston & Johnston, P.A. v. Gulf Ins. Co.*, 8 Kan. App. 2d 401,

659 P.2d 249 (1983) (holding that the plaintiff's PIP carrier was obligated to pay attorney fees pursuant to K.S.A. 40-3113a[e] even though the insurer had no contract of employment with the attorneys). K.S.A. 40-3113a(e) was added to eliminate the potential free ride on the backs of the injured party's attorneys for the PIP carrier where the injured party recovered against a third party, and the PIP carrier recovered the duplicative benefits without expending any effort. See *Nitchals v. Williams*, 225 Kan. 285, 288-89, 590 P.2d 582 (1979).

K.S.A. 40-3107(f) requires most motor vehicle owners to provide PIP coverage; however, motorcycle owners are allowed to reject PIP coverage "for injury to a person which occurs while the named insured is operating or is a passenger on such motorcycle or motor-driven cycle." In the instant action, Helberg, the owner of the motorcycle on which Jackson was a passenger, had a policy which did not provide PIP coverage for his passengers.

K.S.A. 40-3109(a) provides:

"[T]he insurer of the owner of a motor vehicle covered by a policy of motor vehicle liability insurance meeting the requirements of this act shall pay any personal injury protection benefits which are required to be provided by this act or in such owner's policy of motor vehicle liability insurance for any injury:

. . . .

"(3) sustained in this state by any other person while occupying such motor vehicle or, if a resident of this state, while not an occupant of such motor vehicle if the injury is caused by physical contact with such motor vehicle, and the injured person is not the owner of a motor vehicle with respect to which a motor vehicle liability insurance policy is required under this act."

Because Helberg did not have PIP insurance, by virtue of K.S.A. 40-3109(a), Jackson was able to claim PIP benefits from Shelter, Browning's insurer. Under the combination of K.S.A. 40-3107(f) and K.S.A. 40-3109(a), Browning's insurance carrier, Shelter, was required to pay PIP benefits to Jackson. As a result of Jackson's negligence action against Browning and Helberg, Jackson was granted a judgment against Browning for which Shelter paid $58,312.11. Such a recovery places Jackson in the unusual situation of recovering her PIP medical benefits from someone other than her insurer—the insurer of the tortfeasor.

K.S.A. 40-3113a(e) directs the court to "fix attorney fees which shall be paid proportionately by the insurer . . . and the injured person . . . in the amounts determined by the court." In the instant action the district court directed the insurer, Shelter, to pay 40 percent of the PIP benefits recovered to the injured person, Jackson, for her attorney fees.

### 1. *Alignment*

Shelter asserts that the language of K.S.A. 40-3113a(e) does not authorize apportionment of attorney fees against it because it is not contractually aligned with the attorney.

Shelter concedes that the PIP carrier's obligation to pay attorney fees does not depend on an actual pecuniary benefit to it from the activities of the insured's attorneys. See *American Family Mut. Ins. Co. v. Griffin*, 9 Kan. App. 2d 482, 484, 681 P.2d 683 (1984). Shelter argues, however, that "when a statute creates a fee obligation to an attorney there must be a basic alignment between the attorney and the paying party in the underlying suit." Shelter cites several cases in support of this proposition. See *Quesenbury v. Wichita Coca Cola Bottling Co.*, 229 Kan. 501, 625 P.2d 1129 (1981); *Foveaux*, 17 Kan. App. 2d at 696-97; *Griffin*, 9 Kan. App. 2d at 485.

In *Foveaux*, this court noted that K.S.A. 40-3113a(e) "creates an obligation to an attorney who is basically aligned with the paying party, the insurer, in the underlying suit. [Citation omitted.]" 17 Kan. App. 2d at 696-97. Shelter construes this language as creating a requirement that there be an alignment between the attorney and Shelter and, without such an alignment, no obligation for attorney fees exists.

The language of *Foveaux*, however, reflects the factual situation in that case and the typical situation arising under K.S.A. 40-3113a(e); such an alignment is not a prerequisite for the apportionment of attorney fees under the statute. There is no language in the statute requiring such an "alignment of interests."

Shelter cites several statements from *Quesenbury* to support its position; however, the statements in *Quesenbury* were made in the context of determining whether attorney fees should be awarded

based on *equitable considerations*, absent a statute or an attorney-created fund. See *Quesenbury*, 229 Kan. at 502-05. In the instant action, there is a statute that provides for apportionment of attorney fees.

### 2. *Subrogation*

Shelter argues that it is not subrogated to the PIP benefits but was merely being reimbursed because of a duplicative payment. In *Foveaux*, 17 Kan. App. 2d at 696, this court stated: "K.S.A. 1991 Supp. 40-3113a(e) does not differentiate between an insurer's recovery of sums duplicative of PIP benefits paid pursuant to the insurer's subrogation rights under subsection (b) or assignment rights under subsection (c)."

In the instant action, the services of Jackson's attorneys resulted in a judgment against Browning which was paid by Shelter. Shelter then recovered from that judgment the $4,500 in PIP benefits it had previously paid to Jackson. Though Shelter paid both the PIP benefits and the judgment, Shelter was reimbursed for the PIP benefits that it paid. Jackson's attorney, through the litigation, performed services that enabled Shelter to obtain reimbursement for PIP benefits paid by it.

In *Ballweg*, the court awarded attorney fees to the plaintiff's attorneys and noted that "[s]ection (e) of the statute makes no exception when one insurance company represents all parties." 228 Kan. at 510. Similarly, the statute makes no exception when, as in the instant action, the only insurance company involved represents the tortfeasor.

This court has noted:

"Black's Law Dictionary 1427 (6th ed. rev. 1990) defines 'subrogation' as '[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities.' " *Bardwell*, 15 Kan. App. 2d at 684 (holding that K.S.A. 40-3113a is not applicable where an insurer is entitled to duplicative PIP benefits pursuant to a contractual setoff provision instead of through a subrogation claim).

Discussing subrogation in insurance contracts, the Kansas Supreme Court noted that "an insurer can have no right of subro-

gation against its own insured since its insured is not a third party but one to whom a duty to pay a loss is owed." *Western Motor Co. v. Koehn*, 242 Kan. 402, 405, 748 P.2d 851 (1988).

Shelter argues that if subrogation under K.S.A. 40-3113a(b) were applicable, it would result in Shelter having a right of subrogation and a cause of action against its own insured, Browning. Under K.S.A. 40-3113a(b), however, Shelter was subrogated to the rights of the injured party, Jackson, as to Jackson's claim against Shelter's insured. Because Shelter had paid PIP benefits to Jackson, and Jackson had recovered money that was duplicative of these PIP benefits, Shelter now possessed the rights of Jackson to the extent of the duplicative recovery. See K.S.A. 40-3113a(b). The fact that the recovery came from Shelter through its insured Browning does not transform Shelter's right of subrogation against Jackson to a right of subrogation against Browning. See *Ballweg*, 228 Kan. at 509-11.

To the extent that subrogation under K.S.A. 40-3113a is inconsistent with the common-law doctrine of subrogation, it is worth noting that the subrogation at issue in this action is created by statute. See *Hall v. State Farm Mut. Auto. Ins. Co.*, 8 Kan. App. 2d 475, Syl. ¶ 1, 661 P.2d 402, *rev. denied* 233 Kan. 1091 (1983) (noting that "[t]he extent of an insurer's subrogation right generally depends upon the language found in both the applicable statute and the controlling insurance policy"). But see *Farmers Ins.*, 227 Kan. at 538 (noting that K.S.A. 40-3113, the predecessor statute to K.S.A. 40-3113a, was not meant to create a new statutory cause of action).

In a letter of additional authority pursuant to Supreme Court Rule 6.09 (1995 Kan. Ct. R. Annot. 35), Shelter notes that its obligation to pay PIP benefits to Jackson arose out of Shelter's insurance contract with Browning. Shelter argues that, therefore, neither Shelter nor Browning possessed a right of subrogation and that K.S.A. 40-3113a does not apply.

Shelter cites *Bardwell*, where this court held that K.S.A. 40-3113a is not applicable where an insurer is entitled to duplicative PIP benefits based on a contractual setoff provision instead of through a subrogation claim. 15 Kan. App. 2d at 684. The *Bardwell*

court rejected the district court's conclusion that the PIP benefits paid pursuant to the contractual setoff provision were the same as subrogation and reversed the district court's award of attorney fees under K.S.A. 40-3113a(e). 15 Kan. App. 2d at 684.

*Bardwell* is distinguishable from the instant action. In *Bardwell*, the insurance contract provided for a setoff to the extent of PIP benefits already paid. Thus, the recovery of the duplicative PIP benefits was not achieved through K.S.A. 40-3113a.

In the instant action, Shelter does not allege that the insurance contract provided for a setoff for duplicative PIP benefits. It is true that Shelter's obligation to pay the PIP money to Jackson arose out of Shelter's insurance contract with Browning, which is exactly what the statute envisioned. This is very different, however, from the contractual setoff provision present in *Bardwell*. Shelter appears to confuse the obligation to pay PIP benefits (arising by contract in the instant action) with the right to the repayment of duplicative PIP benefits (arising by contract in *Bardwell*, but not in the instant action). Because the insurance contract in this case apparently did not provide for a setoff for duplicative PIP benefits, *Bardwell* is inapposite to this action.

Additionally, K.S.A. 40-3113a(b) requires a recovery from the *tortfeasor* before the right of subrogation arises. In *Bardwell*, the judgment from which attorney fees had been subtracted by the district court was not a judgment against the tortfeasor, but was rather a judgment against the insurance company. 15 Kan. App. 2d at 683-84. Conversely, in the instant action there was a judgment against the tortfeasors Browning and Helberg. It is from this judgment that Shelter's right of subrogation and the plaintiff's right to attorney fees arose. See K.S.A. 40-3113a(b), (e).

Even though Shelter claims that its recovery of the PIP medical benefits paid to Jackson was "reimbursement," the fact is that Shelter filed a lien on the judgment "in the sum of $4,500.00 for medical benefits paid by it for the benefit of plaintiff pursuant to the provisions of K.S.A. 40-3101 et seq." By its own admission, Shelter claimed recovery of the PIP benefits under the Kansas Automobile Injury Reparations Act.

### 3. *Insurer*

Shelter argues that the "insurer" referred to in K.S.A. 40-3113a only includes the insurer of the injured person and not the insurer of the tortfeasor. If accepted, this conclusion would support Shelter's argument that K.S.A. 40-3113a does not apply to the instant action and that Shelter should not have to pay Jackson's attorney fees.

Nothing in K.S.A. 40-3113a expressly limits the definition of insurer to the insurer of the injured person. Shelter makes an unpersuasive argument that a comparison of the predecessor of K.S.A. 40-3113a with the present statute leads to the conclusion that insurer only means insurer of the injured person.

In comparing K.S.A. 40-3113a with its predecessor, K.S.A. 1976 Supp. 40-3113, Shelter directs the Court's attention to *Nitchals*, 225 Kan. at 289:

"[T]he right of reimbursement and indemnity under the old statute was transformed into a right of subrogation under subsections (b) and (d) of the new statute. In addition, the legislature enacted the new subsection, K.S.A. 1977 Supp. 40-3113a(e), which, in effect, requires the PIP insurer to pay a proportionate share of the attorney fees which were incurred by the insured in obtaining a judgment or settlement against a third-party tortfeasor."

Shelter points to subsection (c) of the earlier statute where the statute granted "the insurer of the injured person" the right to commence an action against the third-party tortfeasor if the injured person fails to do so. K.S.A. 1976 Supp. 40-3113. However, Shelter then notes that there is no reference to the insurer of the injured person in the present statute.

If this court accepts Shelter's argument that K.S.A. 40-3113a does not apply to the instant action, Shelter is left with the difficult task of providing alternative authority for Shelter to recover the duplicative PIP benefits paid to Jackson.

In order to adopt the position desired by Shelter, it would be necessary to create an exception to K.S.A. 40-3113a(e). A court may create an exception to a statute only if such an exception "clearly appears to have been intended by the legislature. [Citation omitted.]" *Ballweg*, 228 Kan. at 510. There is no indication that the legislature intended any such exception.

Kansas appellate courts have been reluctant to either add requirements or exceptions to the language of K.S.A. 40-3113a. See, *e.g.*, *Ballweg*, 228 Kan. at 510-11.

"The fundamental rule for construction of statutes, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute even though words, phrases or clauses might be omitted from the statute. [Citation omitted.] The intent of the legislature as shown by this statute is to provide compensation for attorneys for services they perform which have the effect of obtaining reimbursement for PIP benefits paid by the PIP insurer." 228 Kan. at 510.

The Kansas Supreme Court has consistently applied K.S.A. 40-3113a in accordance with its plain language. Jerry, *Recent Developments in Kansas Insurance Law: A Survey, Some Analysis, and Some Suggestions*, 32 Kan. L. Rev. 287, 341-42 (1984) (citing *Ballweg*, 228 Kan. at 510; *Potts*, 233 Kan. at 118); see *Russell v. Mackey*, 225 Kan. 588, 592-93, 592 P.2d 902 (1979). It is not for the appellate courts to "decide nor weigh the beneficial results flowing from any particular legislative policy." *Easom v. Farmers Insurance Co.*, 221 Kan. 415, 433, 560 P.2d 117 (1977).

The district court relied on the statutory provisions of K.S.A. 40-3113a(b) and (e), citing two cases:

"Here, the Plaintiff motorcycle passenger received PIP benefits from the cartortfeasor's carrier and then recovered judgment against him. Now, in recovering the PIP benefits back from the injured party, the PIP carrier must pay its share of the fees even if it is also the tortfeasor's liability carrier, and thus its 'recovery' of PIP benefits paid is merely an entry on its own books. *Ballweg v. Farmers Ins. Co.*, 228 Kan. 506 (1980).

"The PIP carrier's obligation to pay attorney fees does not depend on an actual pecuniary benefit to it from the activities of the injured party's attorney. *American Family Mut. Ins. Co. v. Griffin*, 9 Kan. App. 2d 482 (1984)."

Shelter attempts to distinguish *Ballweg* from the instant action. In *Ballweg*, a single insurer issued policies covering both the injured person and the tortfeasor. See 228 Kan. at 507. The *Ballweg* court paraphrased K.S.A. 40-3113a(e):

"[A]n attorney for an injured party, who recovers damages from a tortfeasor from which reimbursement for PIP benefits paid must be made to the PIP insurer, is entitled to be paid attorney fees by the PIP insurer based on the proportionate

amounts received by the injured party and the PIP insurance company. [Citation omitted.]" 228 Kan. at 509-10.

Applying the above rule to the situation where a single insurance company represented both parties, the *Ballweg* court found "no exception mentioned which would justify withholding payment of reasonable attorney fees in cases where a single insurance company represents all parties." 228 Kan. at 510. The court concluded:

"K.S.A. 1979 Supp. 40-3113a(e) authorizes and directs a court to fix reasonable attorney fees to be paid proportionately by the insurer and the injured person, and this is true even though one insurance carrier may have insured all relevant persons involved in the accident out of which personal injury protection benefits became due." 228 Kan. at 511.

*Ballweg* thus dealt with a fact situation similar to the instant action in that the same insurance company that had paid the PIP money initially was now recovering it. The insurance company, as in the instant action, was understandably unhappy about paying the plaintiff's attorney fees to recover a portion of the money that it had paid out and was later returned. *Ballweg* differs from the instant action, however, in that both the defendant and the plaintiff in *Ballweg* were covered by insurance policies.

In applying *Ballweg* to the instant action, the district court focused on the fact that the insurance company that paid the PIP benefits was also the tortfeasor's liability carrier. This fact is exactly the same in the instant action.

The key fact from *Ballweg* would appear to be that the PIP carrier was also the insurer of the tortfeasor. It is the PIP carrier's relationship with the tortfeasor that creates the situation where the PIP carrier is, in effect, recovering from itself.

Shelter argues that, because Jackson has recovered duplicative benefits, she is obligated to repay them to Shelter. Shelter then disingenuously states that this obligation has been "recognized by the [Kansas] Supreme Court in cases decided before and since the passage of K.S.A. 40-3113a." Shelter implies that the obligation to repay the duplicative PIP benefits is independent of K.S.A. 40-3113a. All of the cases cited by Shelter, however, rely on either K.S.A. 40-3113a or its predecessor. See *Russell*, 225 Kan. at 592-

94 (interpreting K.S.A. 40-3113a); *Nitchals*, 225 Kan. at 294 (discussing both statutes); *Easom*, 221 Kan. at 415 (interpreting K.S.A. 1975 Supp. 40-3113). But see *Farmers Ins. Co.*, 227 Kan. at 538 (noting that K.S.A. 40-3113, the predecessor statute to K.S.A. 40-3113a, was not meant to create a new statutory cause of action).

In short, Shelter's argument that K.S.A. 40-3113a does not apply to the instant action leaves Shelter in the untenable position of requesting the recovery provided for in K.S.A. 40-3113a, while simultaneously arguing that K.S.A. 40-3113a does not apply to the apportionment of attorney fees.

Shelter was subrogated to its PIP medical benefits paid, and Jackson was entitled to the apportionment of attorney fees against Shelter under K.S.A. 40-3113a(e).

Affirmed.