The Honorable Edward E. Bouker Chief Judge, 23rd Judicial District 1204 Fort Street Hays, Kansas 67601
Dear Judge Bouker:
On behalf of the judges of the 23rd Judicial District, you ask several questions regarding implementation of provisions of K.S.A.8-1008 that pertain to alcohol and drug safety action programs.
You first ask whether the chief judge of a judicial district may certify more than one community-based alcohol and drug safety action program (ADSAP) for that district. The language of K.S.A. 8-1008(b), which addresses ADSAP certification, is ambiguous. In some places the statute refers to "a community-based alcohol and drug safety program" and in other places the statute refers to "certification of programs." It neither specifically limits districts to one program, nor specifically authorizes more than one. We therefore must turn to any applicable legislative history for guidance.[1]
In 1983 the House Committee on Ways and Means held a hearing on House Bill No. 2132 that, among other things, would have authorized the sentencing court to designate the community-based alcohol and drug safety action program to conduct the presentence alcohol and drug evaluation. This would have altered the then current process by which the Department of Social and Rehabilitation Services certified alcohol and drug safety action programs. During the course of the hearing, Representative Frey submitted a Proposed Substitute for House Bill No. 2132 that, among other things, would authorize the administrative judge of a judicial district to certify an alcohol and drug safety action program. The Committee voted to amend House Bill No. 2132 by adopting the Substitute Bill, which also contained the following provision:
"No more than one community-based alcohol and drug safety action program shall be certified in any one judicial district."
After some discussion, Representative Meacham moved to amend the Substitute Bill by striking the above-quoted provision. The motion, seconded by Representative Duncan, carried. The Committee then voted to report Substitute for House Bill No. 2132 favorably for passage as amended.[2] The Bill, with various modifications not relevant to our discussion, was enacted as L. 1983, ch. 37, sec. 1, amending K.S.A. 8-1008.
In our opinion, striking the language that would have prohibited more than one community-based alcohol and drug safety action program in a judicial district evidences legislative intent to allow the administrative judge to certify more than one such program in a judicial district. We thus conclude that an administrative judge may certify more than one community-based alcohol and drug safety action program for a judicial district.
If more than one program is permitted to be certified, you next ask whether the administrative judge may designate one of the programs to receive all fees from the district court clerk, with that program then making disbursements to the other programs at the direction of the clerk for services rendered by the other programs. You inform us that the purpose of this arrangement would be to reduce the administrative workload of the district court clerk.
Anyone who is convicted of driving under the influence or enters a diversion agreement in lieu of driving under the influence proceedings must be assessed $150.[3] Disposition of these assessments is addressed in K.S.A. 8-1008:
"(e) Except as otherwise provided in this subsection, the clerk of the court shall deposit all assessments received under this section in the alcohol and drug safety action fund of the court, which fund shall be subject to the administration of the judge having administrative authority over that court. . . . Moneys credited to the alcohol and drug safety action fund shall be expended by the court, pursuant to vouchers signed by the judge having administrative authority over that court, only for costs of the services specified bysubsection (a) or otherwise required or authorized by law and provided by community-based alcohol and drug safety action programs, except that not more than 10% of the money credited to the fund may be expended to cover the expenses of the court involved in administering the provisions of this section. In the provision of theseservices the court shall contract as may be necessary to carry out the provisions of this section."[4]
In effect, you are asking whether the administrative judge may designate one program to serve as the financial administrator of the alcohol and drug safety action fund.
The statute clearly states that the fund shall be subject to judicial
administration with funds expended by the court, pursuant to vouchers signed by the administrative judge. The funds may be expended for (1) costs of services specified by subsection (a),[5] and (2) administrative expenses of the court (limited to 10% of the fund). While the statute authorizes the court to contract for subsection (a) services, it does not make this same provision in relation to administration of the statute. We are thus led to the conclusion that the administrative judge may not designate one of the programs to serve as the financial administrator of the alcohol and drug safety action fund. Specifically, the administrative judge may not designate one of the programs to receive all of the funds from the district court clerk, with that program then making disbursements to the other programs at the direction of the clerk.
You also ask how unexpended funds, not otherwise used for administrative purposes, may be distributed or used. Specifically, you ask whether distribution of those funds to each certified program on a pro rata basis is permissible. Apparently not anticipating an excess of alcohol and drug safety action funds, the statute is silent regarding permissible uses of excess funds. Additionally, nothing in the legislative history sheds any light on permissible expenditures or uses.
In our opinion, however, distributing the unexpended funds on a pro rata basis to the certified alcohol and drug safety action programs in the judicial district served by those programs would be reasonable, if done in accordance with the court's budget and all applicable restrictions on the court's accounting and budgetary authority.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm
[1] Hall v. State Farm Mutual Auto Insurance Company,8 Kan. App. 2d 475, Syl. ¶ 3 (1983) (whenever a statute is ambiguous, the court may look to legislative history for evidence of intent of legislature).
[2] Minutes, House Committee on Ways and Means, March 1, 1983.
[3] K.S.A. 8-1008(e) (unless waived by the court or, in the case of diversion of criminal proceedings, by the prosecuting attorney based on the indigence of the defendant).
[4] Emphasis added.
[5] Subsection (a) services are presentence alcohol and drug evaluations, supervision and monitoring for persons convicted of or placed on diversion for driving under the influence.